DELL *v.* STATE OF INDIANA.

[No. 30,664. Filed December 12, 1967.]

*Lloyd C. Wampler, Stevens and Wampler,* of Plymouth, and *Julius Lucius Echeles,* of Chicago, Illinois, for appellant.

*John J. Dillon,* Attorney General, *Douglas B. McFadden,* Deputy Attorney General, and *Eugene N. Chipman,* State's Attorney of Marshall County for appellee.

LEWIS, J.—This is an appeal by Ruth Dell from a verdict of a jury finding her guilty of the criminal offense of accessory before the fact to larceny by shoplifting. The appellant was fined ten ($10.00) dollars in costs and sentenced to serve a term of not less than one [1] nor more than five [5] years at the Indiana Women's Prison.

The appellant alleges a number of alleged errors in seeking reversal. One alleged error relied upon by appellant was the admission into evidence of a statement made by the principal outside of the presence of the appellant. The following part of the record is necessary to the complete understanding of the legal question raised by appellant. One William L. Bailey was testifying concerning the arrest of the principal, one Seybold.

"Q. (By the prosecutor): Now, confining yourself only to admissions or confessions made by John Seybold having to do with Plymouth, Indiana, will you relate if there were any conversations or admissions as to his having been in Plymouth, Indiana?

Mr. Goldsmith (defense counsel): Was this in the presence of Duth Dell?

Q. Was there any other conversation in the presence of Ruth Dell?

A. No.

Q. Was there any admissions or confessions made by John Seybold pertaining only to Plymouth, Indiana?

Mr. Goldsmith: If in the presence of Ruth Dell.

Mr. Wampler (defense counsel): We object. It is leading, calls for conclusion and hearsay, and if it is not in her presence—

The Court: I don't know what he will say but if he says what I think he will say, I will admit it.

Mr. Goldsmith: On hearsay evidence?

The Court: Certainly.

Mr. Goldsmith: Then I want to object.

Q. I want to now limit the question and the response I am trying to elicit of this witness as to admissions out of her

presence as to that which involved Derf Jewelry Store on July 11, and nothing else. I agree that if there is any other comment made, I want to avoid this right now at this time so that there is no misunderstanding later, that this is being limited to any admissions or confessions having to do with Derf's Jewelry Store, Plymouth, Indiana.

Mr. Goldsmith: Let me say now if you question this witness about any admissions made outside of her presence, that I will object and ask that it be stricken and ask for a mistrial; that even the Judge's admonition could not correct the prejudice in the minds of the Jury. I don't know what the Judge intends to do, but if he intends to admit such hearsay, I would be interested in the citations he has.

The Court: Go ahead. Overruled.

Q. Now, limiting your answer to any admissions made by John Seybold while he was in the Libertyville police station having to do with Derf's Jewelry Store, will you tell the court and Jury what was said at that time?

Mr. Goldsmith: Let the record show our objection that this is hearsay; and not made in the presence of Ruth Dell.

The Court: Overruled.

A. Immediately following the apprehension, as I mentioned, he was taken into the Libertyville Police Department, that is John Seybold, and following the search at the Libertyville Police Department, he was transported to the Chicago office of the FBI where Seybold was photographed and finger-printed. He was also interviewed at this time.

Q. By whom?

A. By me and two other agents. It was at this time Seybold stated that he had been to Plymouth, Indiana, and that he had participated in a jewelry burglary in Plymouth, Indiana. We questioned him concerning the specifics and he would not comment regarding the specifics.

Q. Did he state any other stores in Indiana?

A. Yes.

Q. What was that?

Mr. Goldsmith: Unless I am wrong in my understanding, I understood we were limiting that to Plymouth.

Mr. Wampler: I thought the prosecutor said what he was limiting it to. We can't rely on that?

Mr. Chipman: I have no other questions.

The Court: Ladies and gentlemen of the Jury, the court instructs the Jury that the admission of John Seybold to the witness now on the stand that he was involved in the principal crime, *viz.*: that he stole certain diamonds in Plymouth, Indiana, at or about the time mentioned by the affidavit, is admitted by the court against the defendant as an accessory, for the sole purpose of showing the commission of the principal crime, viz.: the theft of diamonds from the Derf Jewelry Store by John Seybold, and for no other purpose, and the Jury will not consider this evidence against the defendant for any other purpose.

Mr. Goldsmith: Do I understand correctly that this evidence will not be used against Mrs. Dell in any way as a part of the accessory?

The Court: I didn't say that. I didn't tell the Jury that."

The proof of the commission of the offense by Mr. Seybold, the principal, was essential to the necessary proof of the allegations contained in the charge against the appellant. It is elemental that hearsay evidence cannot be admitted against a defendant in a criminal case. This conversation between Federal Bureau Investigator Bailey and the principal Seybold took place some four (4) months after the alleged offense and, therefore, cannot be in any way considered part of the *res gestae* of the crime. The admission of hearsay evidence relating to a conversation which took place in the absence of the defendant constitutes error. *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558; *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *Brown* v. *State* (1934), 206 Ind. 223, 189 N. E. 133; *Houston* v. *State* (1931), 203 Ind. 409, 180 N. E. 582.

We conclude, then, that there was error in admitting into evidence the testimony of FBI Agent Bailey concerning his conversation with Mr. Seybold. We, then, must conclude whether or not the Trial Court's instruction, *supra*, sufficiently corrected the error committed in admitting the evidence. We cannot help but to agree with the appellant in her conclusion that the Trial Court not only failed to correct the record but emphasized the error by its unique instruction.

The instruction gives credence to the alleged admissions of Seybold which were inadmissible in the case at bar *ab initio*, but also instructs the jury that it may consider the "evidence" to the extent of proving the commission of the principal crime. The instructions given by the Trial Court to the Jury emphasizes the error more than correcting it. In *Bryant* v. *State*, *supra*, this Court said:

> "It was hearsay and entirely incompetent, and we can not say that it did not prejudice the substantial rights of the defendant." (Statements made by a third person outside of the presence of the defendant.)

In the case at bar the evidence admitted from the lips of the FBI Agent Bailey was entirely incompetent and was pure hearsay, and we cannot say that it did not prejudice the rights of the appellant.

All of the errors advanced by the appellant will not be discussed here for the reason that the error heretofore discussed requires reversal.

We do, however, point out that appellant has raised the question concerning the admissibility of certain evidence in the form of statements taken from the appellant while she was in custody. Appellant objected to the statements for the reasons that the sheriff refused to permit her lawyer to consult with her while she was in custody and appellant claims that her Constitutional Rights were denied. A full discussion of this point is unnecessary. Suffice it to say, however, that on a retrial of this case, the doctrines of *Escobedo* v. *Illinois*, 378 U.S. 478, 12 L.Ed. 2d 977, decided June 22, 1964, and the warning requirements of *Miranda* v. *Arizona*, 384 U.S. 436 (1966), must be applied.

The U.S. Supreme Court in *Johnson* v. *New Jersey*, 384 U.S. 719 (1966), held that the rule governing the admissibility of a confession announced in *Miranda* v. *Arizona, supra*, was to be applied only to cases commenced after the date of the *Miranda decision* (June 13, 1966), but the

states were free to adopt stricter standards. This Court has not heretofore passed on the question as to whether the requirements of *Miranda* are to be applied to retrials occurring after June 13, 1966, of cases that were originally tried prior to this decision.

In *Gibson* v. *United States*, 363 F.2d 146 (5th Cir. 1966), the Court reversed a pre-*Miranda* conviction involving a Dyer Act violation. The defendant had made statements and admissions to an FBI agent, and on remand the court indicated that these statements "must now hurdle the barriers" set forth in *Miranda*. The U.S. Court of Appeals for the Third Circuit in *Government of the Virgin Islands* v. *Lovell*, 378 F.2d 799 (3rd Cir. 1967), in a footnote reference indicated that if the case had to be retried, then *Miranda* must be applied and cited the *Gibson* case, *supra*. See also *United States* v. *Pinto*, 259 F. Supp. 729, (D.N.J. 1966), affirmed *per curiam*, 374 F.2d 472 (3rd Cir. 1967). In *Amsler* v. *United States*, 1 Cr. Law Rep. 2294 (9th Cir. 1967), this federal court suggested "without deciding" that *Miranda* should be applicable in the retrial of a pre-*Miranda* conviction.

The Supreme Court of Arizona has held that the retrial of the first degree murder conviction which it reversed would be subject to the principles enunciated in *Miranda*. *State* v. *Brock*, 416 P.2d 601, 605 (Ariz. 1966).

The Supreme Court of California in *People* v. *Doherty*, 429 P.2d 177, 185, said:

"We cannot apply a truncated version of the Constitution to the forthcoming proceeding merely because it is a *second* trial. We cannot rationally forbid the use of statements violative of *Miranda* for defendants first tried after June 13, 1966, and sanction such use for those tried at that time after an earlier nullified proceeding. . . . This defendant on retrial is surely entitled to no less protection of the Constitution than one simultaneously brought to trial for the first time."

Like opinion with like reasoning was followed by the Hawaii Supreme Court in *State* v. *Ruiz*, 421 P. 2d 305 (Hawaii 1966).

The Supreme Court of Kansas adopted the rule in *Miranda* for retrials in *State* v. *McCarther,* 416 P. 2d 290 (Kan. 1966).

We find similar holdings by the highest Court of Appeals in Kentucky, North Carolina and Wisconsin.

A small number of state courts have held to the contrary on the question of the applicability of the doctrine of *Miranda* for a second trial and subsequent to the effective date of *Miranda.* The minority holdings may be found in *People* v. *Worley,* 227 N. E. 2d 746 (Ill. 1967), *Jenkins* v. *State,* 230 A. 2d 262, 275-6 (Del. 1967).

In view of the fact that the Third, Fifth and Ninth Circuit Courts of Appeal have adopted the majority view, we also adopt the majority holding and indicate here that on a retrial in the case at bar that the *Miranda* warning requirements, the prerequisite for the admissibility of confessions or statements, are to be applied to retrials occurring after the 13th day of June, 1966.

The judgment is reversed with instructions to grant appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Jackson, C. J., Hunter and Mote, JJ.,. concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 522.