LOCKE *v.* STATE OF INDIANA.

[No. 768S118. Filed September 3, 1969. Rehearing denied October 29, 1969.]

Robert Robinson, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Aaron T. Jahr, Deputy Attorney General, John F. Davis, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged with the offense of robbery and upon waiving of jury trial was tried by the Criminal Court of Marion County, Division One and found guilty. Subsequently, appellant was sentenced to the Indiana Reformatory for not less than ten (10) nor more than twenty-five (25) years and costs.

The facts as viewed most favorable to the state are as follows: The victim of the robbery, one Damen MacPherson, on the evening of August 22, 1967, was returning from a ball game when he ran out of gasoline at the intersection of 38th Street and Route 421 in Indianapolis, Indiana. There being no gas stations in the immediate vicinity, MacPherson began walking on Route 421 towards town. As he was walking, two negro males approached him and asked for a light. When MacPherson responded that he did not have a light one of them grabbed him from behind and the other, the

appellant in this case, grabbed him in front, wrestled him to the ground and took his wallet which contained approximately thirty ($30.00) dollars in cash, various items of identification, and an Indiana driver's license. The incident was immediately reported to police.

On September 13, 1967, police officer Dobson observed appellant in the 600 block of West 11th Street making a left turn without giving a signal. When Dobson attempted to stop appellant, appellant proceeded at a high rate of speed through a shopping center and down an adjoining street where the car came to an abrupt stop. Appellant and two companions then jumped out of the car and began running. Appellant was stopped at gunpoint, and when asked for identification produced a driver's license under the name of MacPherson. A .38 caliber revolver was found in the car, which car later proved to be stolen.

Appellant was advised of his rights and taken to the police station where he later admitted to the robbery of MacPherson although he refused to identify his accomplice in that alleged robbery.

At the trial, Locke attempted to establish an alibi, namely that on the evening of the alleged robbery he was attending a party at which various relatives and friends were also present. This testimony was corroborated by appellant's brother who also testified as having been at the same party on the evening of the 22nd. Appellant explained his having possession of MacPherson's driver's license by claiming to have found the wallet along a road about a mile from the scene of the robbery. This alibi appears to have been abandoned, however, since it is not brought to issue by argument in appellant's brief.

Appellant's trial counsel filed a timely motion for new trial which by the admission of appellant's court appointed appeals counsel was inadequate on its face to preserve questions relating to the sufficiency of the evidence. Appellate

counsel's petition to file a belated amended motion for new trial was granted and the overruling of such motion is the basis for this appeal.

Appellee raises an issue as to the propriety of appellant's appeal based primarily on the procedural aspects of Supreme Court Rules 2-40 and 2-40A. However, by determining this appeal on its merits, it will be unnecessary to determine the technical aspects of the questions raised by the appellee stated in its reply brief. For to do so, we would per force be required to discuss the application of said Supreme Court Rules 2-40 and 2-40A which rules have since been abrogated by this court in its adoption of the new Post-Conviction Remedy Rules. This approach is consistent with our desire to decide appeals on their merit where such meritorious issues are plainly and clearly placed before this court.

Appellant's sole assignment of error is the trial court's overruling his belated motion for new trial. In such motion appellant contends that the decision of the court was not sustained by sufficient evidence and was, therefore, contrary to law.

As noted, appellant was convicted of robbery, which offense is defined by statute at Ind. Ann. Stat. § 10-4101 (1956 Repl.) as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period . . ."

The elements of robbery as set out by the statute are: (1) the taking from the person of another; (2) an article of value; (3) by violence or putting in fear. Appellant challenges the sufficiency of the evidence which goes to establish the second element.

This court's test for determining the sufficiency of the evidence on appeal as was stated in *Carter v. State* (1968), 250 Ind. 50, 234 N. E. 2d 850, 852 as follows:

"Under an assignment that the verdict is not sustained by sufficient evidence this court will not weigh the evidence and will not disturb the verdict on appeal if there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt. *Reno v. State* (1967), 248 Ind. 334, 228 N. E. 2d 14."

Further, only that evidence and all logical and reasonable inferences to be drawn therefrom which is most favorable to the state will be considered on appeal. *Carter v. State, supra. Capps v. State* (1967), 248 Ind. 472, 229 N. E. 2d 794. *Beatty v. State* (1963), 244 Ind. 598, 194 N. E. 2d 727.

The thrust of appellant's argument is that there was no evidence of probative value which established beyond a reasonable doubt that the defendant took the $30.00 from MacPherson, as charged by the affidavit, or even that Mac-Pherson had $30.00 in his wallet at the time of the alleged robbery. A look at the record discloses the following testimony. After testifying that two Negro males approached, grabbed, threw him down, and took his wallet, MacPherson was asked:

Q. Was there anything in your wallet?

A. I had about thirty dollars in cash, a payroll check and various identifications, U.S. Gvoernment ID card and my driver's license. (Tr. p. 49).

Appellant attacks this testimony as insufficient to show that the defendant took the $30.00 since, as his argument goes, the question as to what was in the wallet did not relate to any particular time. This contention appears to be an adoption of something less than invincible logic. As appellee points out, the time and place of the robbery had

been set by previous testimony; MacPherson was then asked what he had in his wallet and it seems only logical and certainly reasonable to infer that his response, in which he enumerated the various articles, including the money, that were in his wallet related to the time of the robbery.

Obviously the conversation between MacPherson and the prosecutor on direct examination was carried on in the vernacular as would be commonly expected. To require that each bit and piece of testimony be directly tied in time and space to the alleged crime would be a senseless and unnecessary exercise in verbal expression. Although we are not free to speculate as to what those present understood MacPherson to mean, it would appear to this court that a *reasonable inference* drawn from such testimony is that it *did* relate to the contents of his wallet *at the time of the robbery*.

We would note that the appellant, by his own admission, as testified to by police officer McCoy, took money from MacPherson. Appellant also attacks this testimony on the same grounds that he attacked that of MacPherson, i.e. that it was not specific as to time and place. However, our examination of the record indicates that McCoy's testimony, taken as a whole, leaves no doubt of the fact that he was referring to the exact robbery which is the subject of this appeal. McCoy's testimony coupled with MacPherson's and all reasonable inferences to be drawn therefrom establish sufficient basis to sustain the element of taking an article of value, to-wit, thirty ($30) dollars as charged by the affidavit.

From the foregoing recital of the evidence and the law applicable thereto, we are of the opinion that the state has sustained its burden of proof as to each material element of the crime. Therefore we would also hold appellant's contention that the verdict is contrary to law is without merit.

Judgment affirmed.

DeBruler, C. J., Arterburn, Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 250 N. E. 2d 372.