## WALKER *v.* STATE OF INDIANA.

[No. 968S149. Filed October 8, 1970. No petition for rehearing filed.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with violation of the 1935 Narcotics Act, as amended, as found in Burns Ind. Stat., 1969 Supplement, § 10-3519 et seq. He was charged in Count 1 of the affidavit with the unlawful sale of marijuana and in Count 2 with the unlawful possession of marijuana. Cause was submitted to the court without a jury resulting in a finding of guilty on both counts. Appellant was sentenced to the Indiana State Prison for a term of five to twenty years on Count 1 and two to ten years on Count 2.

The evidence in the case is as follows:

Indiana State Police Detectives aided by an inmate of the Indiana State Farm commenced an investigation into the drug traffic in Evansville, Indiana. Their activities in their investigation consisted of infiltrating into appellant's circle of acquaintances, posing as gamblers from Indianapolis and letting it be known that they were in a position to purchase drugs in Evansville. During this stage of investigation there were several occasions when appellant asked the detectives if they wanted to purchase some marijuana. On one of these occasions one of the detectives gave the appellant $10, whereupon the appellant asked two women who were present to step outside. When the women returned they gave the detectives a packet which was later determined to contain marijuana.

On another occasion the appellant again asked the detectives if they wanted to buy some marijuana, at which time they gave the appellant a $5 bill, whereupon the appellant in-

structed them to meet him later that evening in a local tavern. At the appointed time the appellant gave the officers two packets which contained what was subsequently identified as marijuana.

Appellant's major defense throughout the trial was his claim of entrapment. A number of questions are presented to this Court concerning the admissibility of evidence in view of the defense of entrapment. We will deal with these questions in the order in which they are raised in appellant's brief.

Appellant first claims error in that the court refused to allow the defendant to cross-examine Detective Wolfe concerning his activities with regard to the women who were involved in the police investigation in this case. Upon objection by the State to this line of questioning, the attorney for appellant stated that he was attempting to show a pattern of entrapment. The specific question asked on cross-examination was, "Did you take any, on any occasions take any of the negro girls you became acquainted with to your rooms?". This Court has previously held that a trial court has a wide latitude in the exercise of its discretion as to what will or will not be determined on cross-examination. *Kelley* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547. In the *Kelley* case the Court observed that where the evidence sought on cross-examination would be of no value to the appellant's case, there is no error or abuse of discretion in excluding the evidence. In the case at bar we fail to see how any evidence as to the relationship between the police officers and their informants could have aided the appellant either in his defense in chief or in his contention of entrapment. The activities of the officers in gaining their information is immaterial on the question of entrapment, the material question being whether the alleged criminal conduct on the part of the appellant was of his own doing or was "the product of the creative activity" of the law enforcement officials. *Sherman* v. *U. S.* (1958), 356 U. S. 369, 2 L. Ed. 2d 848, 78 S. Ct. 819. We, therefore, hold that the trial court did not abuse his

discretion in refusing to allow the appellant to continue the line of questioning as above set out.

When the court sustained the State's objection to the above question, the appellant then made an offer to prove, wherein he stated his version of the detectives' activities concerning the women in question. The prosecution then made a motion to strike the offer to prove on the ground that it was improper on cross-examination, which motion to strike was sustained by the court. It is the law in Indiana that an offer to prove should not be made by the party cross-examinating a witness, the theory being that the party cannot be presumed to know what the witness' testimony will be. 2 Wiltrout Ind. Civ. Proc. § 1994. We, therefore, hold that the trial court's ruling was correct in sustaining the motion to strike the offer to prove.

Appellant next claims error in that the trial court admitted State's Exhibits 1 and 2, which were envelopes containing marijuana into evidence. His objection was that this evidence was obtained by entrapment and therefore inadmissible. As above stated, we must examine the evidence in this case to determine whether this was entrapment under *Sherman, supra,* or whether even though the action of the defendant was induced by law enforcement officers, the defendant was otherwise predisposed to commit the offenses charged. See *Walker* v. *U. S.* (1 Cir., 1965), 344 Fed. 2d 795.

In the case at bar there is evidence from which the trial court was justified in finding that the appellant was regularly engaged in the traffic of selling marijuana; that all the police officers did in this case was to infiltrate the circle of appellant's acquaintances and in so doing gain the confidence of the appellant to the extent that he felt free to offer to sell them marijuana. We see no overt acts on the part of the police officers to lure the appellant into a position of violating the law. As was stated in *Sherman, supra,* "To determine whether entrapment has been established, a line must be

drawn between the trap for the unwary innocent and the trap for the unwary criminal." Under the above authorities we hold there was ample evidence in this case upon which the trial court could find that the appellant had the propensity and the desire to engage in his criminal activity, and that the police officers merely afforded him the opportunity to offer the sale of marijuana to them. We, therefore, hold the trial court did not err in admitting evidence obtained by the police officers in the conduct of their investigation.

Appellant next complains that he was denied the opportunity to confront the witnesses against him in violation of Article 1, Section 13, of the Constitution of Indiana and the Sixth Amendment to the Constitution of the United States. His contention is that one Ernest Ray Powell, who had been an inmate of the Indiana State Farm, had aided the police officers in accomplishing their infiltration into appellant's circle of acquaintances in Evansville, and that Powell was not now available as a witness in the court. The evidence discloses that the police officers obtained the release of Powell from the State Farm where he was serving a sentence for third degree burglary, and after using him to aid them in their infiltration gave him $500. He then purchased a ticket to Los Angeles, California, where as far as the officers knew he was residing at the time of the trial.

We see nothing in this record to indicate that the appellant ever requested the presence of Powell as a witness nor is there any contention by the appellant that Powell had any information which would be beneficial to him.

In a recent case decided by this Court this same Witness Powell was subpoenaed by the appellant and was ordered by the Court to appear, but did not appear. This Court reversed that case on the ground that appellant had the right to have Powell produced as a witness, if he so desired. See *Dorsey* v. *State* (1970), 254 Ind. 409, 260 N. E. 2d 800, 22 Ind. Dec. 204.

We see no parallel between this case and the *Dorsey* case.

The fact that the police officers obtained the services of Powell and paid him for the same is in no way improper. We fail to see any violation of the appellant's constitutional rights either in the use the police made of Powell or in the fact that he was not present to testify when no request had been made by the defendant for his presence.

The State was not required to call Powell simply because he was competent to testify. *Washington* v. *U. S.* (5th Cir. 1960), 275 Fed. 2d 687.

The appellant next claims error in that the court failed to grant appellant's motion for continuance in order to obtain the presence of Powell to testify. This motion was first made after the testimony of the police officers concerning Powell's activities. It is clear from the record that Powell's participation in the investigation was known to the appellant from the time of the beginning of the case and there was ample opportunity for appellant to have subpoenaed Powell, if he desired his testimony at the trial. His request coming after the trial had commenced without any showing of any great need for the testimony of Powell, the trial court did not abuse his discretion in denying a continuance in order that Powell might be produced as a witness. Appellant did not show in the court below nor has he argued in this Court that Powell was in possession of any information that would have benefited him in any manner, nor does he claim that he did not know of or could not have obtained the testimony of Powell prior to going to trial. We, therefore, hold that the trial court did not err in refusing to grant appellant's motion for continuance.

The appellant next contends the trial court erred in accepting hearsay evidence to establish whether or not the investigating officers had probable cause to believe that the appellant was engaged in traffic in drugs. This evidence was admitted by the trial court on the theory that ap-

pellant had raised the defense of entrapment, and when the defense of entrapment was raised the State was entitled to exercise an exception to the hearsay rule to demonstrate probable cause on the part of the officers. We hold that the trial court was correct in his ruling in this regard. When appellant evoked the defense of entrapment he imposed upon the State the requirement of proving that it had probable cause of suspecting that the appellant was engaged in illegal conduct. *Heath* v. *U. S.* (10 Cir., 1948), 169 Fed. 2d 1007.

It is the accepted rule that probable cause may be based upon reliable hearsay evidence. *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500, 16 Ind. Dec. 250.

Evidence as to appellant's reputation to commit the offense charged may be heard for the limited purpose of determining whether or not the police officers had good cause to believe that he was trafficking in narcotics. *Washington* v. *U. S., supra.* The question has been raised that this evidence could not have been to establish the reputation of the defendant in order to justify the investigation by the officers for the reason that it was evidence of information learned during their investigation and not prior to it. We cannot accept this argument as being valid. Investigations are not conceived and completed instanter. All criminal investigations by their very nature must be a series of steps calculated to increasingly gain additional information based upon prior acquired lesser information.

We hold that it is not necessary for the officers to have all of the information leading to probable cause prior to the beginning of the investigation. It is sufficient if during the investigation but before the transaction which is alleged to be entrapment the officers acquire the information which supplies probable cause.

The evidence permitted by the court was testimony by the officers that before going to Evansville they had information that appellant was the big supplier of marijuana in Evans-

ville. That after arriving in Evansville members of appellant's circle of acquaintances had told them that marjuana could be purchased from appellant. This was prior to any dealing by these officers with appellant. The appellant having invoked the defense of entrapment, it was not only proper but incumbent upon the State to produce this evidence before the court for the court's determination as to whether or not the officers had probable cause to believe the appellant was in fact trafficing in drugs before they made a transaction with him. This determination was necessary in order for the court to properly decide whether or not there had in fact been entrapment by the police officers. *Sherman* v. *U. S., supra.* We find no reversible error in this record.

The trial court is, therefore, affirmed.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., concurs in results; Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

This is an appeal from the judgment of the Vanderburgh Circuit Court convicting the appellant of a violation of the 1935 Narcotics Act, as amended. The affidavit charging the appellant was in two counts; Count I charged the appellant with the unlawful sale of marijuana, and Count II charged him with the unlawful possession of the drug. The appellant and the State each waived trial by jury, appellant was tried by the court and found guilty on both counts and was sentenced to the Indiana State Prison for a term of five (5) to twenty (20) years on Count 1, and two (2) to ten (10) years on Count II.

The appellant's motion for a new trial was filed on June 3, 1968, and was overruled on June 28, 1968. On appeal to this Court the appellant's sole assignment of error is that the trial court erred in overruling his motion for a new trial.

From the evidence adduced at trial it appears that the arrest and subsequent charges against the appellant were the result of extensive undercover activity by detectives of the Indiana State Police aided by one Ernest Ray Powell, an inmate of the Indiana State Farm. In their investigation the detectives masqueraded as gamblers from Indianapolis. Their infiltration into the appellant's circle of acquaintances was facilitated by Ernest Ray Powell, the inmate, who was able to make contacts with certain people in Evansville, the location of the investigation.

After once being accepted by the group the evidence reveals that on several occasions the appellant asked the detectives if they wanted to purchase some marijuana. On one such occasion the police, Powell, and the appellant, along with several women were sitting in the Dodge Inn in Evansville. Detective Wolfe gave the appellant ten dollars, and the appellant told two of the women to step outside. When the women returned they handed both of the detectives a packet of marijuana. On another occasion, on November 16, 1967, the appellant, the two detectives, and Powell were in an alley behind the Dodge Inn. The appellant asked the detectives if they wanted to buy some more marijuana. They agreed to do so, and both gave the appellant a five dollar bill. The appellant then told them to meet him inside the Dodge Inn at 6:30 p.m. that evening. At approximately 6:30 p.m. the appellant returned and gave to the officers two packets of what was subsequently identified as marijuana.

Throughout the trial the appellant attempted to rely on the defense of entrapment. However, the trial court overruled all of the appellant's objections made on the basis of entrapment, permitted the introduction of certain testimony, and allowed the State to offer evidence in rebuttal to the appellant's evidence of entrapment. In addition, the trial court overruled objections by the appellant to certain hearsay evidence which the State offered in attempting to rebut the appellant's entrapment evidence. When the initial objection to the hearsay evi-

dence was made at trial the prosecution argued that an exception to the hearsay rule exists where evidence is offered to rebut a defendant's evidence of entrapment. With this contention the trial court agreed. (Tr. p. 240)

Although the appellant's motion for a new trial contains numerous specifications of error, the ones with which we must deal here are specifications 15, 16 and 17, which read as follows:

"15.

Error of law occurring at the trial and excepted to by the defendant, in this, to-wit:

The Court erred in overruling the defendant's objection to the following question. The question, objection and ruling of the Court, are as follows:

Q. Did you ever make any comment to Kenny or John to the effect that Chop Daddy's pot was not much good, you couldn't get much of a glow by using it?

Mr. Bunner: To which we object for the reason it would be a hearsay statement outside of the presence of the defendant.

Mr. Haas: Your honor, it is outside defendant's presence, but I believe it is material in this cause of action. I believe it would be, the defense of entrapment being raised, that it would be a proper question.

Mr. Bunner: I don't know that that does away with the hearsay rule.

COURT: I think it does. I think it does, it is an exception to the hearsay rule, when entrapment is a defense. If you will place the time I will permit the question to be answered."

"16.

Error of law occurring at the trial and excepted to by the defendant, in this, to-wit:

The Court erred in overruling the defendant's objections to the following questions. The questions, answers, objections and rulings of the Court, are as follows:

Q. Did she at any time say anything to you about whether or not she herself had seen the defendant possess or sell narcotics to anyone?

Mr. Bunner: I object on the same grounds that it is hearsay.

COURT: I will overrule your objection.

A. Yes, she said that she could get us some pot from Chop Daddy, and —

Q. Did she say that she had seen him sell pot before or possess pot?

Mr. Bunner: We object to that for the reason it calls for a hearsay answer.

COURT: Overruled.

A. Yes, she said he sold to the Evansville College students she didn't, I can't recall that she said she saw him sell it but she did say he sold to the college students."

"17.

Error of law occurring at the trial and excepted to by the defendant, in this, to-wit:

The Court erred in overruling the defendant's objection to the following question. The question, answer, objection and ruling of the Court, are as follows:

Q. What, if anything, did Gladys Dorsey say to you about the defendant's traffic in narcotics?

Mr. Bunner: To which we object for the reason that it is hearsay.

COURT: Overruled.

A. The day we met Gladys Dorsey at her house, she was talking about the defendant and Nora, advised us they were both big pushers but there wasn't much happening with their pot, she said Chop Daddy's pot, just ain't much happening with it, it takes twice as much of his pot to get a glow on as it does some of the other pot."

The State, in its brief, contends that the appellant has waived the issues contained in the above specifications for the reason that the appellant, in his brief, neglected to cite the transcript references to the testimony, and for the further reason that the brief does not indicate the identity of the witnesses and for whom they were testifying. This Court has, however, followed the policy of deciding appeals on their merit where it is practicable for us to do so, and when the

issues have been clearly placed before us. *Locke* v. *State* (1969), 252 Ind. 480, 250 N. E. 2d 372; *Lytle* v. *State* (1968), 251 Ind. 413, 241 N. E. 2d 366. We therefore will proceed to consider the merits of the appellant's contention that it was reversible error for the trial court to overrule the appellant's objections to the complained of testimony.

Hearsay evidence has been defined as evidence of extra-judicial statements made by one other than the witness, and which statements are offered to prove the truth of the matters therein asserted. *Busby* v. *United States* (9 Cir. 1961), 296 F. 2d 328; 5 Wigmore on Evidence, § 1364 (3rd ed. 1940); McCormick on Evidence, § 225 (1st ed. 1954). It has been characterized as "* * * a repetition of what has been said by another and does not come from the personal knowledge of the witness." *Skaggs* v. *State* (1966), 247 Ind. 639, 220 N. E. 2d. 528. Perhaps the major objection to hearsay evidence is that it deprives the party against whom it is admitted of an opportunity to cross-examine the declarant. *Skaggs* v. *State, supra; Wigmore, supra,* § 1361. Coupled with this is the constitutional objection that in criminal cases hearsay evidence deprives the defendant of the Sixth Amendment right "* * * to be confronted with the witnesses against him." *Douglas* v. *Alabama* (1965), 380 U. S. 415, 13 L. Ed. 2d 934, 85 S. Ct. 1074. For the above stated reasons, and for other reasons not here enumerated, it is the general rule that hearsay evidence is not admissible over proper objection. *Dell v. State* (1967), 249 Ind. 231, 231 N. E. 2d 522; *Skaggs* v. *State, supra; Ketcham* v. *State* (1959), 240 Ind. 107, 162 N. E. 2d 247.

There are, however, certain exceptions to the general rule excluding hearsay evidence. Thus, when evidence which is hearsay falls into an exception to the rule, that evidence is admissible at trial unless inadmissible for some other reason.

It was the contention of the State at trial, although it did not bother to brief the point on appeal, that an exception to the hearsay rule arises when evidence is offered in rebuttal

to the defendant's evidence of entrapment. The appellant contends that no such exception exists. Therefore, the issues facing this Court on this appeal are: (1) Is there an entrapment exception to the hearsay rule; and (2) If so, does the evidence referred to in specifications 15, 16, and 17 of the appellant's motion for a new trial come within the exception?

Entrapment is an affirmative defensive which is valid "* * * only where the criminal conduct was 'the product of the creative activity' of law enforcement officials." *Sherman* v. *United States* (1958), 356 U. S. 369, 372, 2 L. Ed. 2d 848, 851, 78 S. Ct. 819. However, even though the specific criminal conduct with which the defendant is charged was induced by law enforcement officials, the defense of entrapment will not lie if the defendant was otherwise predisposed to commit the particular offense. *Waker* v. *United States* (1 Cir. 1965), 344 F. 2d 795. According to the Supreme Court, "* * * the fact that government agents 'merely afford opportunities or facilities for the commission of the offense does not' constitute entrapment." 2 L. Ed. 2d 851. In speaking of the scope of the defense of entrapment the Court stated:

> "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal. The principles by which the courts are to make this determination were outlined in Sorrells. On the one hand, at trial the accused may examine the conduct of the government agent; and on the other hand, the accused will be subjected to an 'appropriate and searching inquiry into his own conduct and predisposition' as bearing on his claim of innocence." 2 L. Ed. 2d 851.

Along this same line, the United States Court of Appeals for the First Circuit, in *Waker* v. *United States, supra,* said:

> "As we pointed out in *Whiting, supra,* entrapment is allowed as a defense not because the defendant has not committed the acts constituting the crime, but because entrapment, as legally defined, is unacceptable to a sense of justice and fair play. It would be excessive to extend it to a defendant who showed himself ready and willing, and merely had

to be persuaded that this was a safe opportunity to commit the offense." 344 F. 2d 795, 796.

As can perhaps be inferred from the preceding discussion the defense of entrapment gives rise to two questions of fact: (1) did a law enforcement agent induce the defendant to commit the offense with which he is charged; and (2) if so, was the accused ready and willing to commit the offense charged whenever the opportunity to do so arose? See, *United States* v. *Sherman* (2d Cir. 1952), 200 F. 2d 880. On the first of these issues the accused has the burden of proof, while the prosecution has the burden on the second issue.

In addition, some courts have imposed the requirement on the State of proving that it had probable cause for suspecting that the accused was engaged in illegal conduct. See, *Heath* v. *United States* (10 Cir. 1948), 169 F. 2d 1007. Although this requirement has been questioned and a number of circuits have refused to recognize it, see *Whiting* v. *United States* (1 Cir. 1963), 321 F. 2d 72, it is our opinion that where the defense of entrapment has been raised the prosecution must come forward with some evidence to establish a basis for suspecting the accused of illegal conduct and for undertaking a criminal investigation against him. Such a rule will not hamper police investigation of active criminals since all that is required is a showing of probable cause for suspecting the accused of criminal conduct. On the other hand, absent this requirement there is nothing to restrict indiscriminate investigation and harassment of otherwise innocent citizens, especially those with past criminal records who are attempting to establish themselves as law abiding citizens.

It is in this context, that of showing probable cause for investigating the accused, that an exception to the hearsay rule arises in entrapment cases. It is the accepted rule that probable cause may be based on reliable hearsay evidence. *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500; *Aguilar* v. *Texas* (1964), 378 U. S. 108, 12 L. Ed. 2d 723,

84 S. Ct. 1509. Therefore, the prosecution may submit hearsay evidence for the limited purpose of showing probable cause for investigating the accused. See, *Waker* v. *United States, supra; Whiting* v. *United States,* 321 F. 2d 72; *Whiting* v. *United States* (1 Cir. 1961), 296 F. 2d 512; *Washington* v. *United States* (5 Cir. 1960), 275 F. 2d 687; *Heath* v. *United States, supra; United States* v. *Siegel* (8 Cir. 1926), 16 F. 2d 134. However, due to the highly prejudicial character of the evidence, and even though it is not offered to prove the guilt of the defendant, this evidence must be received outside the presence of the jury and the determination of the existence of probable cause made by the trial judge. This procedure is clearly permissible since probable cause is more a question of law than a question of fact, and it has always been within the province of the trial court to rule on questions of law.

Further, where the defense of entrapment is raised the reputation of the accused becomes an issue and is material to the question of predisposition to commit the offense charged. See, *Whiting* v. *United States,* 296 F. 2d 512. According to both *Sorrells* v. *United States* (1932), 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, and *Sherman* v. *United States, supra,* the prosecution may subject the accused to "* * * an 'appropriate and searching inquiry into his own conduct and predisposition' as bearing on his claim of innocence." 2 L. Ed. 2d 851. Since the reputation of the defendant becomes a legitimate issue where entrapment is raised, the prosecution may submit evidence pertaining to the defendant's general reputation in the community. Cf., *Bolden* v. *State* (1927), 199 Ind. 160, 155 N. E. 824. Here again hearsay evidence is admissible in entrapment cases, but only to the limited extent that it is necessary to establish the general reputation of the defendant. See generally, Wigmore on Evidence, 3rd Ed., §§ 1609-1616.

Thus, where the defense of entrapment is raised, hearsay evidence is admissible for the limited purposes of: (1) showing the existence of probable cause for investigating the accused for criminal activity; and (2) establishing the general reputa-

tion of the defendant in the community. In the first instance, the evidence is not offered for the purpose of proving the guilt of the defendant, but rather for the purpose of showing probable cause for the investigation. On this basis some courts have ruled the evidence as not technically hearsay since it is not offered testimonially. See, *Whiting* v. *United States,* 296 F. 2d 512. As to the second, reputation evidence has almost always been an exception to the hearsay rule. See, Wigmore, *supra.*

In looking to the evidence set out in specifications 15, 16 and 17 of the appellant's motion for a new trial we fail to see how the complained of evidence falls within either of the above two exceptions to the general rule excluding hearsay evidence. The evidence could not have been offered in an attempt to show probable cause for investigating the accused since the conversations with the third parties which took place outside the presence of the defendant, which conversations were repeated by the State's witness at trial over objection by the defendant, took place after the investigation had already begun. It would be a case of placing the cart before the horse if evidence of these conversations were allowed to show probable cause for initiating the investigation.

Moreover, the evidence could not properly be considered admissible as reputation evidence since it was not shown that the witness, the investigating officer, lived in the defendant's community and was familiar with the defendant's general reputation. Further, the testimony referred to specific transactions and occurrences involving the appellant, and did not refer to the general opinion of the appellant held by the community in which he lived. See, Wigmore, *supra,* § 1610. Therefore, inasmuch as the witness was not qualified as being competent to testify to the appellant's general reputation in the community, and since the testimony he gave related to specific acts or occurrences, the evidence set out in specifications 15, 16 and 17 of the appellant's motion for a new trial

cannot, as a matter of law, be deemed proper reputation evidence.

Since the evidence objected to and set out in the appellant's motion for a new trial was clearly hearsay evidence and does not fall within either of the above two exceptions relied upon by the State, it was reversible error for the trial court to admit the testimony into evidence. *Dell* v. *State, supra; Skaggs* v. *State, supra; Ketcham* v. *State, supra.*

The judgment of the trial court should be reversed and the cause remanded with instructions to grant the appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 262 N. E. 2d 641.