PAT KELLY A/K/A WILLARD PATRICK *v.* STATE OF INDIANA.

[No. 3-1073A140. Filed February 26, 1975.]

DISSENTING OPINION ON PETITION TO TRANSFER

DEBRULER, J.—Pat Kelly, also known as Willard Patrick, was charged with possession and sale of heroin, respectively, Ind. Code § 35-24.1-4-1(c), being Burns § 10-3561(c), and Ind. Code § 35-24.1-4-1(a)(1)(i), being Burns § 10-3561(a)(1)(i). In a trial by jury before Judge George N. Beamer, Jr., in the St. Joseph Superior Court, appellant was found guilty of both counts and sentenced to a term of two to ten years for possession and five to twenty years for the sale, to be served concurrently. Later, the court vacated the guilty verdict and the sentence for possession in light of this Court's ruling in *Thompson* v. *State,* (1973) 259 Ind. 587, 290 N.E.2d 724, *cert. den'd,* 412 U.S. 943.

He appealed to the Court of Appeals which affirmed his conviction. Ind. App., 315 N.E.2d 382. The primary issue presented by this petition to transfer is whether or not the State is required to have and make a showing of probable cause for the initiation of a scheme of entrapment, in cases where a previously unsuspected third party stranger, whom no one intended to trap is the ultimate defendant. The defense of entrapment, erected upon a foundation of fundamental fairness and due process, is now being used in more and more drug cases, where those engaged in the enforcement of drug laws have relied more and more upon the use of undercover agents and informants to solicit the purchase

of drugs and to thereby make drug arrests. Because the issues surrounding the entrapment situation are continuing and important to the fair administration of criminal and constitutional law, I have felt it necessary to publish this opinion in dissent to the denial of transfer in this case.

The evidence most favorable to the State is as follows: The South Bend Police Department had received calls from "citizens observing traffic in and out" of a house at 1004 West LaSalle in South Bend. The Department had also discussed the situation with an informant known as Pooky, who told them that someone she knew had purchased drugs from a Dot Jennings at the West LaSalle address. Pooky did not give the name of the purchaser. At 2:00 a.m., on June 29, 1972, acting on instructions of the South Bend Police Department, Officer Dunlap and Pooky drove to 1004 West LaSalle in order to buy drugs. Two other police officers followed in another car and parked nearby to observe.

Dot Jennings answered the door and, once inside, Pooky asked Jennings "if she had anything." Jennings replied that she did not, but then called upstairs: "James, come on downstairs and hit the streets because you have some business." James Whiting came downstairs and appellant accompanied him. Appellant asked Dunlap how much she wanted. She replied: "Two caps." Appellant told her to wait outside on the corner, but then they decided to go to his house on West Colfax. Dunlap drove Pooky, Whiting, and appellant to his house. Whiting and appellant got out, and appellant told the police officer and the informant to wait a few minutes. After a minute or two, appellant returned, gave two capsules to Dunlap, and told her the price was $7.00 each. Dunlap paid appellant $14.00 in bills which the Police Department had given her. She then took the capsules to the Police Department.

Appellant's argument is that the State must prove that it had probable cause to initiate its scheme of entrapment, not only when the defendant is the person whom the State in-

tended to entrap, but also when an unsuspected third person becomes the ultimate defendant.

In *Walker* v. *State,* (1970) 255 Ind. 65, 262 N.E.2d 641, this Court held:

> "[I]t is not necessary for the officers to have all of the information leading to probable cause prior to the beginning of the investigation. It is sufficient if during the investigation but before the transaction which is alleged to be entrapment the officers acquire the information which supplies probable cause." 255 Ind. at 71.

In *Smith* v. *State,* (1972) 258 Ind. 415, 281 N.E.2d 803, we reaffirmed that requirement:

> "[E]ven should we differ in our opinions as to whether the offense was conceived and enticed by the agent, there can be no doubt that no evidence was presented to render the defendant suspect of any offense prior to the time the State's scheme was set into motion. Probable cause for 'baiting the trap' was therefore absent, and the work product of the scheme cannot be utilized, thereby condoning and encouraging that which was illegal in the first instance." 281 N.E.2d at 806.

The *Smith* opinion made two findings. When the defense of entrapment has been raised: (1) The State has the burden to convince the trier of fact, beyond a reasonable doubt, that there was no entrapment. To do so, the State must prove that the defendant, before he was approached by the informant, was engaged in the sale of heroin or that he had the predisposition to make such a sale if the opportunity presented itself. *Gray* v. *State,* (1967) 249 Ind. 629, 231 N.E.2d 793; (2) The State also has the burden to show that, before it set into operation a scheme to trap the defendant, it had probable cause for its suspicions that he was engaged in illegal conduct. Often the State may present the same evidence to satisfy both burdens. However, information concerning the defendant's prior sales or his reputation as a narcotics dealer, which was learned *after* the commencement of the alleged entrapment, will not satisfy the probable cause requirement spelled out in *Walker* and *Smith.* Whereas, such

information will suffice to rebut the defense of State inducement. *U.S.* v. *Russell*, (1973) 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366; *Sherman* v. *U.S.*, (1958) 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; *Sorrells* v. *U.S.*, (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; *Gray* v. *State, supra.*

Appellant raises this further issue: In the event that the State discovers in its trap a defendant (1) whom the State had not previously suspected, or (2) whom the State had dealt with through the innocent intervention of a third party, who made the requests on behalf of the State, or (3) whom a third party induced to act illegally in the officer's presence, but without his instigation, can this defendant require the State to show that it had probable cause to suspect a particular person was acting illegally and that it had discovered the defendant in the course of its legitimate scheme to trap that person?

Quoting from *Thompson* v. *State, supra,* the Court of Appeals declared that the defense of entrapment was not available to appellant and did not consider appellant's assertion that the State must prove probable cause to initiate its scheme. However, the case only stands for the proposition that where the State can show that an innocent intermediary initiated the sale, the State is relieved of the burden of showing the defendant's predisposition. But *Thompson* did not relieve the State of the burden of proving probable cause to solicit a sale from the intermediary in the first place.

I would grant transfer here in order to establish the proposition that appellant, whom the State solicited only indirectly, may require the State to prove that it had probable cause to suspect some specific person was engaged in crime and that its discovery of appellant was the product of a solicitation of that person. If we relieve the State of the burden of showing probable cause, because the State fortuitously uncovered someone it had not suspected or because an intermediary whom it suspected without probable cause did the actual talking, the State will be able to initiate

schemes to induce crimes without probable cause and to prosecute only those defendants whom it uncovered by chance. We are "thereby condoning and encouraging that which was illegal in the first instance." *Smith* v. *State, supra.*

The evidence most favorable to the State in the case on petition to transfer illustrates this dramatically. If the "prime suspect," whom the agent did solicit, had sold narcotics to the agent, the suspect could have raised the defense of entrapment, requiring the State to show (1) that she was not innocently induced and (2) that the police had probable cause to suspect her at the time they attempted the inducement. Because the suspect called upstairs and appellant came down and asked the agent how much she wanted to buy, without waiting for the agent to ask him "if he had anything," the Court of Appeals would foreclose judicial scrutiny, finding: "there could be no entrapment."

The final issue is whether the State satisfied its burden of proving probable cause to suspect Dot Jennings was engaged in the selling of narcotics. The scant evidence introduced was hearsay, but hearsay evidence is admissible to show probable cause. *Walker* v. *State, supra,* citing *Kinnaird* v. *State,* (1968) 251 Ind. 506, 242 N.E.2d 500. In *Kinnaird,* the Court noted that the hearsay had to be such that a court might draw its own conclusions about the policeman's probable cause. Quoting *Aguilar* v. *Texas,* (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the court formulated the test: The court must be informed of "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was 'credible' or his information 'reliable.'" 378 U.S. at 114.

In the present case, one of the officers testified that the South Bend Police Department had received "calls from citizens observing traffic in and out from" the LaSalle residence. The officer did not testify that he had received any

of those calls, how many calls had been received, that the citizens who called were reliable, that the callers had identified themselves. He did not testify about the precise content of certain calls on certain dates. There was no evidence that the calls had spurred police investigation of the scene. The second source of probable cause was the officer's testimony that the informant Pooky had told the police that Dot Jennings was dealing in drugs. The officer said that Pooky based her information on the fact that an unidentified friend of hers had purchased drugs from Jennings or at the LaSalle address. No information about Pooky was before the court. The State chose to stand on the uncorroborated testimony of Officer Dunlap, rather than call Pooky to testify.

Comparing the information before the jury with that required by the *Aguilar* test, we have a sale to an acquaintance as the basis for the informant's conclusion that Dot Jennings had narcotics at LaSalle Street. We have nothing to show the police that Pooky is credible. To show that the tip was reliable, we have only the evidence of calls from unidentified citizens to unidentified police officers, the contents of which we do not know, but generally about "traffic in and out of" the LaSalle Street residence. This tends to show that the informant's information might have some basis in fact. The tip plus the call would have provided the police with reasonable grounds to investigate. However, the information available to the police was too unreliable on the one hand and too unparticularized on the other to give them probable cause to believe Dot Jennings was engaged in the sale of narcotics. To ratify solicitation of crime on this basis would make the probable cause requirement an empty protection against arbitrary police inducement.

I would reverse the judgment here and remand for a new trial to be conducted in accordance with the views expressed herein.

Prentice, J., concurs.

NOTE.—Reported at 324 N.E.2d 158.