JOHN MEDVID *v.* STATE OF INDIANA.

[No. 3-775A137. Filed January 31, 1977. Rehearing denied March 10, 1977. Transfer denied May 9, 1977.]

*James E. Foster,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Medvid was charged with, and convicted by a jury of, the delivery of a controlled substance in violation of IC 1971, 35-24.1-4-1.

The evidence favoring the verdict discloses that at approximately 10:30 p.m. on May 6, 1974, Officer Leyva of the Hammond Police Department and an informant, Frank Breski, drove to Medvid's residence with intent to make a controlled purchase of narcotics. Breski was admitted to the house, remained inside for five to ten minutes, and returned without having purchased any drugs. After conversing with Breski, Leyva decided that Medvid was not going to sell any drugs. Leyva and Breski then drove to a telephone booth where Breski, at Leyva's direction, called Medvid. Breski told Medvid over the telephone that he had a "sick" friend who needed drugs.[1] (Initially Leyva testified that he instructed Breski to make such representations, but he later changed this testimony.) At approximately midnight, Leyva and Breski returned to Medvid's home where they honked the horn of their automobile. Medvid came out, got into the car, and was introduced to Leyva. Under Medvid's directions, the three then drove to another house. Medvid took sixty dollars from Leyva, entered the house and returned after two or three minutes. He then handed Breski two packets which were later established to contain heroin. The "street price" of the heroin delivered was sixty dollars. The three then returned to Medvid's house where Medvid shook Leyva's hand and received Leyva's thanks. At trial Medvid admitted the delivery but asserted the defense of entrapment. Breski did not appear as a witness for the state. His identity as the informer was disclosed to Medvid on the day the jury was impaneled.

Medvid initially asserted there was no probable cause to suspect he was engaged in selling drugs so as to justify the police in initiating the scheme. He requested that this be determined by the court out of the presence of the jury. This

1. Other evidence disclosed that both Breski and Medvid were, or had been, narcotics addicts.

request was denied. When the state's evidence was adduced Medvid preserved error by timely objection. The evidence produced by the state to establish that the police had probable cause to suspect Medvid and that Medvid had a predisposition to commit the offense consisted of the testimony of Officer Leyva. He was permitted to testify to the following: (1) that when Breski returned to the automobile after his first visit to Medvids' home, Breski had said they were "shooting up" in the house and had offered for him to participate; (2) that prior to the night in question, Breski had told Leyva that Medvid was involved in drug traffic without mentioning any specific instances; and that on one occasion Leyva had also heard from some unnamed person in the Hammond Police Department that Medvid was engaged in drug traffic.

It was prejudicial error to present this evidence to the jury over timely objection. We must therefore reverse and remand for a new trial.

At the time Medvid was tried, when entrapment appeared as an issue in a criminal prosecution, two distinct obligations devolved upon the state. *Payne* v. *State* (1976), 168 Ind. App. 394, 343 N.E.2d 325, *trf. den.*

One concerned the substantive proof necessary for conviction. In *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793, our Supreme Court held that where the evidence established *no more* than a sale (or delivery) of contraband made in response to a solicitation by government agents as a part of a plan initiated by the government to reveal a violation of the criminal law, a reasonable doubt regarding entrapment existed as a matter of law. Thus, when entrapment is an issue the state must produce evidence of probative value from which the trier of fact may reasonably infer that the accused possessed the necessary subjective intent to sustain a conviction. *Payne, supra. See, also, Sorrells* v. *United States* (1932), 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Such evidence is frequently referred to as predisposition evidence.

The second obligation under Indiana law derived from *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641, and was concerned, in reality, with the quality of the government's conduct in implementing its scheme or plan. *See, Payne, supra; Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92. In *Walker* the Court held that where the state embarks upon a plan with a specific individual as its objective, and in pursuit of the plan government agents make a direct solicitation to that individual, the government should have probable cause to suspect that the individual possessed the independent subjective intent to engage in criminal activity.[2]

Subsequent decisions established this requirement as a question of law for the court. *Payne, supra; Locklayer* v. *State* (1974), 162 Ind. App. 64, 317 N.E.2d 868. Since the question before the court was whether the government officers had probable cause, i.e., reasonable grounds, for believing the accused was engaged in illegal conduct, reliable hearsay was admissible and probative of the issue of law. *Walker, supra.* Such evidence was proper since it was the government's beliefs that were in question.

On the other hand, the question of fact which the jury must determine is whether the accused was innocently lured into committing a crime he would not otherwise have committed, or whether the government merely afforded him the opportunity to satisfy his criminal intent. To establish the latter it is proper for the state to present evidence of prior crimes from which the jury might reasonably infer the accused's predisposition to commit the offense on trial.[3] Such evidence is, however, subject to normal rules of admissibility.[4]

---

2. In *Hardin* v. *State* (1976), 265 Ind. 179, 353 N.E.2d 462, our Supreme Court overruled *Walker* on this point and abolished the requirement.

3. Other evidence might also be sufficient to establish the necessary inference of independent intent. *See, Payne, supra.*

4. We do not here decide whether proof of an accused's general reputation might supply evidence of predisposition. *Compare,* however, *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95.

The hearsay admitted in Medvid's case was of the kind which has uniformly been held improper. *See, Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95. The reference to information secured from the Hammond Police Department was without identification of time, place or persons involved. While informer Breski was the source of the other information, he was not present as a witness. *See, Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482. The hearsay was the only evidence produced of Medvid's possible predisposition to commit the offense and was highly prejudicial. Without it the jury would have been required to return a verdict of not guilty under *Gray* v. *State, supra.*

The judgment is therefore reversed and remanded.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 359 N.E.2d 274.