GEORGE ROBERT HORN, JR. *v.* STATE OF INDIANA

[No. 3-1177A295. Filed November 29, 1978.]

416

*Robert S. Bechert, Tremper & Bechert,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *David Michael Wallman,* Deputy Attorney General, for appellee.

STATON, J.—George Robert Horn, Jr., was charged with knowingly delivering marijuana, in violation of IC 1971, 35-24.1-4.1-10(a)(1), Ind.Ann. Stat. § 10-3561r(a)(1) (Burns Code Ed.).[1] At trial before the court, he attempted to show that he was entrapped by a police officer. Following his conviction, he brings this appeal. Finding no error, we affirm.

Horn raises two issues for our review:

I. That Horn was denied procedural due process when the trial court retroactively applied the rule in *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134.

II. That the State failed to produce evidence of Horn's predisposition to commit the offense.

The facts relevant to this appeal are as follows: Darrell Hoffman and his stepson, Tom Stetler, sought out Kenneth Bearman, a police officer in the vice and narcotics bureau. Mr. Hoffman claimed that Horn was holding his runaway stepdaughter, Dawn Stetler, against her will.

---

1. Repealed effective October 1, 1977.

Tom Stetler claimed that Horn was selling drugs from Horn's home and that he, Tom, had previously purchased some of those drugs. Bearman had never met either informant previously. Nonetheless, he failed to ask for any specific information concerning the alleged drug buys, nor did he check further into the credibility or reliability of either Hoffman or Tom.

Bearman and Tom proceeded to Horn's home. They determined that Tom would attempt to buy a controlled substance from Horn. They entered Horn's home and were invited to sit down. Horn and Dawn (Tom's sister) were present. Tom initiated a discussion concerning a possible purchase of "tea" (Bearman testified that the term "tea" refers to amphetamines or phencyclidine). Horn said he was out of "tea" at the moment, but that he would be picking some up in the near future. The discussion turned to a possible buy of marijuana. Horn indicated he had some marijuana left. Upon request, he brought some into the room and advised Bearman and Tom to try some in a pipe. Afterwards, Horn asked for $60.00 for the three bags of marijuana. The group then smoked a joint together. Bearman produced the money and Horn advised him to give it to Dawn. Shortly thereafter, Bearman and Tom left Horn's home.

Prior to trial, on December 3, 1976, Horn filed a motion to dismiss, claiming that Officer Bearman lacked probable cause to believe that Horn was engaged in illegal conduct prior to initiating his scheme of entrapment. After a hearing on the motion to dismiss, the trial court indicated that it would advise Horn of its decision the following week. Finally, on February 8, 1977, the trial court denied the motion to dismiss. On June 10, 1977, Horn renewed his motion to dismiss before the bench; it was likewise denied.

## I.

### Retroactive Application of *Hardin*

At the time Horn was charged with this crime, Indiana law imposed upon the State the requirement of proving that, prior to its investigation, it had probable cause to suspect Horn was engaged in illegal conduct. *Walker v. State* (1970), 255 Ind. 65, 262 N.E.2d 641. The rule allowed probable cause to be based upon reliable hear-

say evidence. After reviewing the evidence presented at the hearing on Horn's motion to dismiss, we feel that the State failed to prove that, prior to the attempted buy, Officer Bearman had probable cause to suspect Horn of delivering a controlled substance. However, such a determination does not dispose of the issue in this case. On December 30, 1976, the Supreme Court of Indiana eliminated the requirement that the State prove probable cause to suspect when entrapment is raised as a defense. *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134. The Court of Appeals applied the rule in *Hardin* retroactively, in *Davila v. State* (1977), 172 Ind.App. 425, 360 N.E.2d 283.

In the present case, on June 10, 1977, Horn renewed his motion to dismiss. The trial court denied the motion pursuant to *Hardin*. In his brief, Horn argues he was denied procedural due process when the court retroactively applied the rule in *Hardin*. Horn claims that the defense he raised at the hearing on his motion to dismiss was based upon the rule in *Walker*. Further, his strategy at trial was based upon his belief that the court had erroneously applied *Hardin* retroactively.

The Supreme Court of Indiana considered a similar argument in *Henry and Davis v. State* (1978), 269 Ind. 1, 379 N.E.2d 132. Under the facts in the *Henry* case, *Hardin* was decided after the motion to correct errors had been denied by the trial court. The Supreme Court concluded that the question of whether *Hardin* should be applied retroactively:

> "should be decided on a case by case basis and that where as here the existence of entrapment probable cause was a main and direct issue in the trial court litigation and was relied upon by the defense in attempting to establish a bar to prosecution, it would be fundamentally unfair to hold *Hardin* retroactive, and to resolve this issue against appellant on that basis." *Id.* at 136.

In the present case, Horn's position is somewhat different. Undoubtedly, Horn relied on the *Walker* rule requiring the State to show probable cause to suspect when he sought a bar to prosecution by presenting appropriate evidence at the hearing on his motion to dismiss. Following the hearing, but *before* his trial, *Hardin* overruled *Walker*. At that point in time, Horn could no longer rely on the rule in *Walker* for his defense. At trial, he should have presented evidence on any other possible defenses available to him. (In fact, during his cross-examination of

Bearman, Horn attempted to refute the State's showing of his predisposition to commit the crime charged.) Horn cannot now complain that his due process rights were violated when the *Hardin* rule was applied retroactively to the hearing on his motion to dismiss. Horn was afforded due process when he was tried before the court. Although one of his possible defenses had been abrogated prior to trial, Horn had notice of the *Hardin* decision and should have tailored his defense to the latest pronouncement of the law.

We conclude that Horn was not denied due process when the rule in *Hardin* was applied retroactively and his motion to dismiss was denied.

## II.

### Predisposition

Horn argues that the State failed to produce evidence at trial from which the court could have inferred that Horn was predisposed to commit the offense with which he was charged.

When a police officer or agent has participated in a buy of a controlled substance, the State must present evidence showing the accused's predisposition in order to prove that the criminal act was not solely the idea of the police. *Hardin v. State, supra,* 358 N.E.2d 134. If the police merely afforded the accused an opportunity to commit the crime, he cannot rely upon the defense of entrapment. *Mendez v. State* (1977), 267 Ind. 67, 367 N.E.2d 1081.

The question of predisposition is a question of subjective intent; its determination rests within the province of the trial court. *Davila v. State, supra,* 360 N.E.2d 283. On review, this court neither weighs the evidence nor resolves questions of credibility. We review only the evidence most favorable to the State, along with all reasonable inferences therefrom. We will not disturb a judgment that is supported by substantive evidence of probative value. *Maynard v. State* (1977), 174 Ind.App. 202, 367 N.E.2d 5.

Only Officer Bearman testified regarding the details of the buy of marijuana. Upon arriving at Horn's home, Tom, an informant, initiated a discussion concerning the purchase of "tea," which referred to a con-

trolled substance. Horn indicated he was out of "tea" at the moment, but would be picking some up later. When the discussion turned to marijuana, Horn indicated he had some in his possession. He quoted a price of $60 and allowed Tom and Officer Bearman to sample the marijuana before completing the buy.

We conclude that the evidence shows the predisposition of Horn to commit the offense. Although a police officer and informant initiated the buy of a controlled substance, their actions merely afforded Horn an opportunity to deliver the controlled substance.

We find no error. The judgment of the trial court is affirmed.

Garrard, P.J., and Hoffman, J., concur.

NOTE—Reported at 382 N.E.2d 1012.