Jamil ABDUL–MUSAWWIR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9508–CR–279.

Court of Appeals of Indiana.

Dec. 13, 1996.

Transfer Denied Feb. 19, 1997.

Michael P. Rehak, South Bend, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and James A. Joven, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Jamil Abdul–Musawwir ("Abdul–Musawwir") appeals his conviction for arson, a class B felony.[1] He presents three issues for our review which we restate as follows:

I.   Whether the trial court erred in refusing Abdul–Musawwir's tendered instruction defining "knowingly."

II.  Whether the trial court committed fundamental error in allowing the

---

1.  IND.CODE § 35–43–1–1 (1993).

State to present evidence of other wrongs without adequate notice under Ind. Evidence Rule 404(b).

III. Whether the trial court erred by questioning the defendant prior to trial concerning whether he intended to assert the defense of intoxication.

We affirm.[2]

The evidence most favorable to the verdict reveals that Abdul–Musawwir lived with his girlfriend, Loree Swart ("Swart"), and her eleven year old son, Clint. Abdul–Musawwir and Swart attended a party a short distance from their home while Clint was asleep. As they left, they locked the deadbolt locks on the front and rear doors. The only way the doors could be locked or unlocked was with a key. Abdul–Musawwir had one set of keys with him and Clint had the only other set of keys to the locks.

At the party, Abdul–Musawwir and Swart argued. Abdul–Musawwir slapped Swart and pulled her hair. He left the party after threatening Swart that he would harm her family. Swart was concerned about the safety of her son so the police were called to meet her at her home. When the police arrived, the house was locked and they were unable to gain entry. Because Swart did not have keys to the house, she knocked on her son's window, woke him and told him to unlock the doors. The police then entered the house and discovered a fire. A gasoline can had been ignited on the floor and the burners on the stove were burning. There were no signs of forced entry. A short while later, Abdul–Musawwir arrived at the house and was arrested. At the time of his arrest, the remaining set of house keys was found in his possession.

After a trial, the jury found Abdul–Musawwir guilty of arson. He was given a twenty year sentence, with fourteen years suspended. This appeal ensued.

I.

*Refusal of Tendered Jury Instruction*

First, Abdul–Musawwir argues that the trial court erred when it refused his tendered jury instruction defining the term "knowingly."[3] In considering whether any error results from the refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Taylor v. State*, 587 N.E.2d 1293, 1303 (Ind.1992), *reh. denied.*

Abdul–Musawwir argues that the trial court erred in refusing the tendered instruction because it was a correct statement of the law. We disagree. In support of his proposition that the term "knowingly" is synonymous with "purposely," he cites *Horne v. State*, 445 N.E.2d 976 (Ind.1983), *reh. denied.* However, *Horne* does not simply hold that "knowingly" can be defined as "purposely." Instead, *Horne* was comparing the term "knowingly" as used in the new version of the criminal code with the term "purposely" as used in the prior version of the criminal code. *Id.* at 978–79. This is different than simply stating that "knowingly" is the same as "purposely." Also, the definition of "knowingly" proffered by Abdul–Musawwir blurs the distinction between "knowingly" and "intentionally"[4] by its use of the terms

---

2. We note appellant's failure to include the appropriate marginal notations in the transcript of the evidence. We direct counsel's attention to Ind. Appellate Rule 7.2(A)(3)(a) which requires that marginal notations be made on each page of the transcript of evidence including the name of each witness and whether the examination is direct, cross, or redirect. Counsel is admonished to carefully read the Rules of Appellate Procedure prior to commencing another appeal before this court.

3. Abdul–Musawwir's tendered Instruction No. 1 stated:

> Knowingly as used in Indiana's Criminal Code is synonymous with purposely.
> An act is done knowingly if it is willed, is the product of conscious design, intent or plan that it be done, and is done with awareness of the probable consequence.
> Record at 89.

4. Ind.Code § 35–41–2–2(a) defines "intentionally" as engaging in conduct with a "conscious objective to do so."

"conscious design" and "intent." This would be unduly confusing to the jury.

█ Moreover, the substance of Abdul–Musawwir's tendered instruction is covered by other instructions given by the trial court. In its final instructions, the trial court informed the jury "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Record at 103. This instruction conforms precisely to the current definition of "knowingly" found in both statutes and case law. *See* IND.CODE § 35–41–2–2 (1993); *Kellogg v. State*, 636 N.E.2d 1262, 1265 (Ind.Ct.App.1994); *Boyko v. State*, 566 N.E.2d 1060, 1062 (Ind.Ct.App.1991). Accordingly, we conclude that the trial court properly refused Abdul–Musawwir's tendered instruction on culpability because it was unduly confusing and was not a proper statement of the law. *Taylor, supra.* In addition, the substance of the instruction was covered by the other instructions given. *Id.*

## II.

### *Ind. Evidence Rule 404(b)*

█ Abdul–Musawwir next argues that the trial court erred in permitting the State to present evidence of his argument and physical altercation with Swart when the prosecutor failed to provide advance notice of her intention to present the evidence. Ind. Evidence Rule 404(b) provides:

> **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in*

advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(Emphasis added.) The purpose of this notice provision is to reduce surprise and to promote the early resolution of questions of admissibility. *United States v. Long*, 814 F.Supp. 72, 73 (D.Kan.1993).[5] The notice provision is a prerequisite to the admissibility of the evidence of other wrongful acts. *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir.1995). Failure to comply with the requirements of the rule results in the evidence being inadmissible. *Id.* Initially, the burden is upon the defendant to request notice of the prosecution's intent to utilize 404(b) evidence. *Id.* at 1148. The request must be reasonably understandable and sufficiently clear to alert the prosecution that the defendant is requesting pre-trial notification. *Id.* at 1147; *see also, United States v. Tuesta–Toro*, 29 F.3d 771, 774 (1st Cir.1994). If the defendant fails to adequately request pre-trial notification, the evidence is admissible absent the notification. *Tuesta–Toro, supra*, at 774–75 (holding notice not required and evidence admissible because defendant's request was too vague to alert prosecution that notice was being requested).

In his discovery request, Abdul–Musawwir requested notice of the State's intent to use 404(b) evidence. The record reveals no notice given by the State. This would render the evidence of the physical altercation inadmissible.[6] *Barnes, supra* at 1147. However, at trial Abdul–Musawwir did not object to the State's presentation of evidence concerning the altercation. Thus, he waived any error with regard to the admission of that evidence. *Butler v. State*, 622 N.E.2d 1035, 1041 (Ind.Ct.App.1993), *reh. denied, trans. denied* (failure to raise an objection at trial results in waiver).

---

5. There are no Indiana cases interpreting or applying this notice provision. Therefore, we will look to the federal cases involving the identical provision of Fed.Evid. Rule 404(b).

6. It is the failure to give appropriate notice of the intent to use the evidence which renders it inadmissible in this case. Otherwise the evidence,

which was offered to show Abdul–Musawwir's motive to commit arson, would be admissible under Evid.R. 404(b). *See Taylor v. State*, 659 N.E.2d 535, 543 (Ind.1995) (evidence of other crimes, wrongs, or acts admissible if offered to prove something other than bad character or propensity to commit crime).

Abdul–Musawwir attempts to circumvent this waiver by arguing that the admission of the evidence constituted fundamental error. To qualify as fundamental error, an error must be a clear and substantial blatant violation of basic and elementary principles which renders the trial unfair to the defendant. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994). In determining whether an alleged error denied the defendant a fair trial, we must consider whether the resulting harm or potential for harm is substantial. *Id.* We look to the totality of the circumstances and decide whether the error had substantial influence upon the verdict to determine if the trial was unfair. *Id.*

As noted above, the right to receive notice of the State's intent to utilize 404(b) evidence is only required if the defendant properly requests such evidence. *See Barnes, supra,* at 1147. If the defendant does not request notice or if the request is defective, then the evidence of prior misconduct is admissible absent notice. *Tuesta–Toro, supra,* at 774. The right to receive notice depends upon following the proper procedure. If notice of the intent to use 404(b) evidence were so crucial to a fair trial as to implicate due process considerations and constitute fundamental error, waiver would not result from such procedural defects. Accordingly, we conclude that a defendant can waive any error in the admission of 404(b) evidence absent notice if he fails to object to the admission of the evidence at trial. Because Abdul–Musawwir did not object at trial to the introduction of the evidence of his physical altercation with Swart, he preserved no error for appeal.[7]

### III.

### *Notice of Intoxication Defense*

Finally, Abdul–Musawwir argues that the trial court erroneously required him to give notice concerning his intent to use the defense of intoxication at trial. He states that he was impermissibly forced to determine his strategy prior to the State's presentation of evidence. However, a review of the record does not support that contention. The record indicates that Abdul–Musawwir filed a motion in limine to prevent the State from presenting testimony of the two doctors who had examined him with regard to his initial intent to interpose the insanity defense. During the course of the examination, he made several incriminating statements concerning his intent and actions the night of the fire. The trial court determined that if Abdul–Musawwir claimed voluntary intoxication as a defense to the crime, the issue of his ability to form the requisite intent would be at issue and the State would be permitted to present the testimony of the doctors.

Prior to trial, the trial court questioned Abdul–Musawwir concerning whether he still intended to interpose the defense of intoxication to determine whether to allow the State to present the doctors' testimony in their case-in-chief. When Abdul–Musawwir stated that he did not intend to interpose the defense, the trial court released the doctors from their subpoenas. At no time did the trial court indicate that Abdul–Musawwir's choice of strategy was irrevocable. After the State's presentation of its case-in-chief, Abdul–Musawwir could have changed his choice of strategy and presented evidence of his intoxication. The State then would have been permitted to introduce the testimony of the doctors in rebuttal. The trial court specifically left open the option of utilizing the doctors' testimony in rebuttal. Abdul–Musawwir's contention that he was forced to make strategy choices prior to trial is without merit and is unsupported by the record. Accordingly, we find no error here.

Affirmed.

HOFFMAN and NAJAM, JJ., concur.

---

7. Abdul–Musawwir also states at the end of his argument that if his failure to object waives the error, his trial counsel was ineffective for failing to object. However, he presents no argument beyond this conclusory assertion. Therefore, his claim of ineffective assistance of counsel is waived due to his failure to support his assertion of error with a cogent argument. *Marshall v. State,* 621 N.E.2d 308, 318 (Ind.1993).