DRW BUILDERS, INC.; Henry E. Witsken, Jr., Individually and as a Shareholder and Director of DRW Builders, Inc.; and Marilyn A. Witsken, Individually and as a Shareholder and Director of DRW Builders, Inc., Appellants–Defendants,

v.

Richard L. RICHARDSON, Individually and as a Shareholder of DRW Builders, Inc., Appellee–Plaintiff.

No. 29A05–9508–CV–326.

Court of Appeals of Indiana.

April 30, 1997.

Rehearing Denied June 20, 1997.

---

William W. Knowles, D. Brandon Johnston, Tracy J. Follstad, Knowles & Associates, Carmel, for Appellants–Defendants.

Steven H. Frank, Carter & Leerkamp, Indianapolis, Douglas Church, Church Church Hittle & Antrim, Noblesville, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

In this shareholder's derivative action Henry and Marilyn Witsken (the Witskens) challenge the trial court's entry of judgment in favor of Richard L. Richardson. The Witskens raise several issues for our review which we consolidate and rephrase as follows: 1) did the trial court err in permitting Richardson to pursue a shareholder derivative action; 2) did the trial court err in entering judgment against the Witskens on their counter-claim; 3) did the trial court err in entering judgment in favor of the Corporation; and 4) did the trial court err in ordering the Witskens to pay Richardson's attorneys' fees.

We affirm in part and reverse in part.

The facts most favorable to the judgment show that Richardson and the Witskens were long-time friends who decided to form a corporation for the purpose of building and selling single family homes. Articles of Incorporation were issued by the Indiana Secretary of State on October 20, 1988 and thus began the corporate existence of DRW Builders, Inc. (DRW). Richard L. Richardson, Henry E. Witsken, Jr., and Marilyn A. Witsken were listed as incorporators. Although the Articles of Incorporation indicated that the company was authorized to issue one thousand shares of stock with voting rights, no certificates of stock were ever printed or distributed. However, the parties agreed that the Witskens would jointly own a 51 percent proprietary interest in DRW, and that Richardson would own a 49 percent interest. The parties also agreed that Henry would serve as president of the corporation, Richardson would serve as vice-president, and Marilyn would serve as secretary-treasurer. Because of his expertise, Richardson was to act as the building contractor in the parties' enterprise, and because of their financial wherewithal the Witskens would assume responsibility for obtaining the necessary financing.

At some point the relationship between the parties deteriorated. The Witskens began withdrawing monies from DRW corporate accounts and depositing the monies in their personal account. In addition the Witskens established a new checking account on behalf of DRW and deposited funds into that account as well. Apparently none of their actions was communicated to or agreed upon by Richardson. The record shows that the monies were ultimately accounted for and were used to pay legitimate corporate obligations. However, as a result of the Witskens' actions DRW could not pay its bills as they became due. Consequently Richardson paid outstanding liabilities on behalf of DRW in the amount of $19,203.35. Also, the monies that were accounted for included $19,-359.45 which the Witskens had deposited into their own account and were thus unavailable for corporate obligations.

Ultimately DRW became insolvent and was dissolved. Thereafter Richardson filed a shareholder's derivative action against the Witskens. The Witskens counter-claimed alleging fraud, conversion, and breach of fiduciary duty. After the parties conducted discovery Richardson filed a motion for partial summary judgment. Richardson sought a declaration that any monies the Witskens had removed from corporate accounts must be returned to the corporation. The Witskens countered by filing a motion to stay the proceedings arguing, among other things, that neither they nor Richardson were shareholders of DRW and that Richardson's claim was not filed to enforce a right of the corporation. After a hearing the trial court denied the Witskens' motion and in part granted Richardson's motion for summary judgment. Specifically the trial court determined that DRW existed as a corporation for purposes of this lawsuit, that all parties to the action were shareholders, and that either of the parties was entitled to enforce the rights of DRW by bringing or defending a shareholder's derivative action. The case proceeded to trial before the bench after which the trial court entered judgment in Richardson's favor. Entering findings and conclusions in support of its judgment, the trial court ordered the Witskens to reimburse DRW in the amount of $19,359.45, and ordered DRW to reimburse Richardson in the amount of $19,203.35. The trial court also ordered the Witskens to pay Richardson's attorneys' fees in the amount of $35,000.00 and expenses in the amount of $1,690.49. This appeal ensued in due course.

## I.

The Witskens first contend the trial court erred in granting Richardson's motion for partial summary judgment. More specifically the Witskens argue that Richardson had no standing to pursue a shareholder derivative cause of action. Advancing the same argument on appeal as they advanced before the trial court the Witskens insist that neither party to this action is a shareholder within the meaning of the Indiana Business Corporation Law (BCL), Ind.Code § 23–1–32–1 to –5.[1] Further, according to the Witskens, Richardson's claim was not filed to enforce a right of the corporation which is also in contravention of the BCL. When reviewing a grant of summary judgment our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Landmark Health Care Assoc., L.P. v. Bradbury,* 671 N.E.2d 113, 116 (Ind.1996). We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding their weight or credibility. Summary judgment should be granted only if such evidence shows that there is

---

**1.** In a related vein the Witskens also argue that the trial court erred in denying their "Motion To Stay Plaintiff's Derivative Claims." *Record* at 403. Apparently the Witskens are relying on a provision of the BCL which provides that under certain circumstances the trial court may stay proceedings in a shareholder's derivative action. *See* I.C. § 23–1–32–2. More particularly the statute provides that where such a claim is brought, "if the corporation commences an investigation of the charges made in the demand or complaint …, the court may stay any proceeding until the investigation is completed." *Id.* In this case there is nothing in the record revealing that DRW commenced an investigation of the allegations made in Richardson's complaint. Thus the statute was not applicable. In any event the trial court has discretion to stay the proceedings pending an investigation. Nothing before us shows the trial court abused its discretion.

no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 169 (Ind.1996). All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind.1996).

 There is no question that in order to maintain a derivative action, the person at least must have been a shareholder at the time of the complained of transaction. *W & W Equip. Co., Inc. v. Mink*, 568 N.E.2d 564, 571 (Ind.Ct.App.1991), *trans. denied*. However, in determining whether a person is or is not a shareholder, Indiana as well as other jurisdictions has long distinguished between shares of stock on the one hand and certificates of stock on the other. A share of stock is defined as a proportional part of certain rights in the management and profits of the corporation during its existence, and in the assets upon dissolution. *Department of Treasury of Indiana v. Crowder*, 214 Ind. 252, 15 N.E.2d 89, 91 (1938). However a certificate of stock is merely documentary evidence of title to shares of stock. *See, e.g.*, *Cabintaxi Corp. v. C.I.R.*, 63 F.3d 614, 617–18 (7th Cir.1995); *Lucas v. Lucas*, 946 F.2d 1318, 1323 (8th Cir.1991), *reh'g denied*; *Shiffer v. Akenbrook*, 75 Ind.App. 149, 130 N.E. 241, 244 (1921); *Johnson v. Johnson*, 764 S.W.2d 711, 715. (Mo.Ct.App.1989); 11 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 5091 (rev. perm. ed. 1995); 18 C.J.S. *Corporations* § 172 (1990). Thus, possession of a share certificate is not essential to ownership of shares or to the exercise of shareholder's rights. 11 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 5094 (rev. perm. ed. 1995); *Crow v. Newspaper Dealer Supply, Inc.*, 603 F.Supp. 847,

850 (E.D.Mo.1985); *Fourdyce v. Bay View Fish Co., Inc.*, 111 Ill.App.3d 76, 66 Ill.Dec. 864, 866, 443 N.E.2d 790, 792 (1982); *see also* 18A Am.Jur.2d, *Corporations* §§ 733, 738 (1985) (a stock certificate is not essential to the creation of the status of shareholder, and a shareholder may prove ownership of shares by evidence other than that of the certificate); *Id.* at § 487 (the mere fact that no stock certificate has been formally issued does not preclude a proprietary interest in one who participated actively in corporate affairs and placed funds in the corporate treasury for the conduct of corporate business). Also, T.R. 23.1, which governs derivative actions, extends relief to "one or more shareholders or members or holders of an interest in such shares or membership, legal or equitable, to enforce a right of a corporation or of an unincorporated association...."

 In *Kirtley v. McClelland*, 562 N.E.2d 27 (Ind.Ct.App.1990), *trans. denied*, this court determined that members of a non-profit corporation had standing to bring a derivative action against the corporation's directors and that ownership of stock was not an express prerequisite for relief. *Id.* at 30. Here, as in *Kirtley*, express possession of certificates of stock is unnecessary for Richardson to maintain a shareholder derivative action. The evidence before the trial court during summary judgment proceedings shows that although no certificates of stock were issued to Richardson, as an incorporating member of DRW he nonetheless was a "holder[ ] of an interest in such shares." T.R. 23.1. The trial court properly determined that all parties to this action were shareholders and that either of the parties was entitled to enforce the rights of DRW by pursuing or defending a shareholder's derivative action.[2] We find no error on this issue.

---

**2.** The Witskens counter that notwithstanding the language of T.R. 23.1, the statutory provisions governing derivative actions specifically require that the plaintiff be a shareholder. In support of this claim they point to I.C. § 23–1–32–1, which provides in relevant part that a person may not commence a proceeding in the right of a corporation unless the person was a shareholder of the corporation when the transaction complained of occurred. We first note that to the extent that a statute conflicts with the rules of trial procedure,

the rules of procedure prevail. *Harrison v. State*, 644 N.E.2d 1243, 1251 n. 14 (Ind.1995), *cert. denied*. Further, the requirement of shareholder status to commence and maintain an action on behalf of a corporation insures that the party bringing suit will have, at least, an indirect interest in the outcome of the litigation. *Gabhart v. Gabhart*, 267 Ind. 370, 370 N.E.2d 345, 356 (1977), *reh'g denied*. Richardson has demonstrated such an interest in this case.

In support of their claim that the instant action was not filed to enforce a right of the corporation, the Witskens argue that the complaint was one to collect money for the purpose of paying third party creditors. A shareholder's motive for instituting a derivative action is normally irrelevant. *Dotlich v. Dotlich*, 475 N.E.2d 331, 339 (Ind.Ct. App.1985), *trans. denied.* Rather, whether or not a derivative action may be maintained depends on whether the corporation has rights to be enforced. *Id.* The action may not involve a personal right, but the rights of the corporation. *Id.* Also, all relief obtained in the action belongs to the corporation. *Id.* In this case, even assuming the Witskens' assertion is true, their argument still fails. DRW had not only the right but the obligation to pay its creditors. That Richardson's derivative action sought to enforce this obligation is not grounds to preclude the claim. We find no error here.

## II.

The Witskens next complain the trial court erred in denying their counterclaim. In its findings and conclusions the trial court specifically determined that Richardson did not breach the fiduciary duty that he owed to the Witskens. Pointing to evidence of record which they contend contradicts this determination, the Witskens argue the trial court's findings and conclusions are erroneous. According to the Witskens, it was Richardson and not they who breached a fiduciary duty.[3] Where a party has the burden of proof at trial and an adverse judgment is entered, if the party prosecutes an appeal he or she does so from a negative judgment. When appealing a negative judgment the party must show that the evidence points unerringly to a conclusion different from that reached by the trial court. *Communications Workers of America, Locals 5800, 5714 v. Beckman*, 540 N.E.2d 117, 127 (Ind.Ct.App. 1989). We will reverse a negative judgment only if the decision of the trial court is contrary to law. *Aetna Cas. & Sur. Co. v. Crafton*, 551 N.E.2d 893, 894 (Ind.Ct.App. 1990). In determining whether a negative

judgment is contrary to law, this court will neither reweigh evidence nor judge witness credibility. *Indiana–Kentucky Elec. Corp. v. Green*, 476 N.E.2d 141, 143 (Ind.Ct.App. 1985), *trans. denied.* We will only consider the evidence most favorable to the prevailing party together with all reasonable inferences flowing therefrom. *Id.* Also, where, as here, the trial court enters findings and conclusions in support of its judgment, we determine whether the evidence supports the findings and whether the findings support the judgment. *Smith v. Potter*, 652 N.E.2d 538, 541 (Ind.Ct.App.1995), *trans. denied.*

The record is clear that DRW is a closely-held corporation. That is to say, it is one which has relatively few shareholders and whose shares are not generally traded in the securities market. *W & W Equip. Co., Inc. v. Mink*, 568 N.E.2d 564, 570 (Ind.Ct. App.1991), *trans. denied.* "Shareholders in a close corporation stand in a fiduciary relationship to each other, and as such, must deal fairly, honestly, and openly with the corporation and with their fellow shareholders." *Id.* The trial court's findings concerning the Witskens' breach of fiduciary duty include the following:

6. Henry E. Witsken, Jr. took possession and/or control of funds of DRW Builders, Inc., in the amount of Sixty–One Thousand Eight Hundred Fifteen Dollars and Sixty–Eight Cents ($61,815.68). (Plaintiff's Exhibit 8)

7. In addition, Henry E. Witsken, Jr. had taken all sums back which he contended he invested as capital in DRW Builders, Inc. (Plaintiff's Exhibit 3, p. 13–14)

8. On August 18, 1989, the Defendant Henry E. Witsken, Jr., withdrew Twenty–Seven Thousand Six Hundred Seventy–Three Dollars and Twenty–Four Cents ($27,673.24) from the DRW Builders, Inc. checking account and deposited the funds into an account owned jointly with his wife. All of these funds have been accounted for in the trial of this cause and entered into evidence by stipulation of the parties as

---

**3.** The Witskens also complain that the trial court erred in granting judgment in favor of Richardson. However this argument is based solely on

the premise that neither party to this action is a shareholder. We have already addressed this issue and need not address it further.

Plaintiff's Exhibit # 8 evidencing payment of legitimate corporate obligations leaving a balance in the possession of Henry E. Witsken, Jr. and Marilyn A. Witsken of Nineteen Thousand Three Hundred Fifty–Nine Dollars and Forty–Five Cents ($19,-359.45) available to the corporation. (Plaintiff's Exhibit 3, pp. 129–31, and Exhibit 8)

\* \* \* \*

11. As a result of the action of Henry E. Witsken, Jr., as set forth herein, DRW Builders, Inc., could not pay its bills as they came due. (Plaintiff's Exhibit 5; Testimony of Plaintiff; Defendants' Exhibit III, p. 161)

*Record* at 573–75. The Witskens do not contest these findings; rather they point to other findings and evidence of record which support the inference that it was Richardson and not they who breached the duty to deal fairly, honestly, and openly. First, because the Witskens do not contest the findings, we accept them as true. Second, the Witskens' complaint amounts to an invitation for this court to reweigh the evidence which we cannot do. The evidence in this case does not point unerringly to a conclusion different from that reached by the trial court. *See Communications Workers of America*, 540 N.E.2d at 127. The trial court properly denied the Witskens relief on their counterclaim. We find no error here.

### III.

The Witskens next contend the trial court erred in ordering them to reimburse DRW in the amount of $19,359.45. According to the Witskens the trial court failed to consider over $19,000.00 which they contend Richardson withdrew from the corporate account. Again, the Witskens' claim amounts to an invitation for this court to reweigh the evi-

dence. We must decline. The record shows the trial court did consider Richardson's withdrawal, but concluded that the funds were used to pay corporate debts. The Witskens concede that Richardson testified that he paid debts with the withdrawn funds. They argue however that he failed to introduce documentation to support the expenditure. That Richardson did not submit documentary evidence to support his sworn testimony does not make his testimony any less credible. In any event it is the responsibility of the trial court and not this court to weigh evidence and judge witness credibility. The trial court properly discharged its responsibility and we will not disturb the court's judgment.

### IV.

Finally the Witskens contend the trial court erred in ordering DRW to reimburse Richardson the amounts he expended in paying corporate debts and in ordering them to pay Richardson's attorneys' fees. As we have already discussed, the trial court did not err in determining that either party to this action was entitled to enforce the rights of DRW by pursuing or defending a shareholder's derivative action. If Richardson's lawsuit were derivative only, then an order directing DRW to reimburse Richardson would be erroneous. This is so because a derivative action may not include personal recovery. More specifically a derivative action involves the enforcement of a right of the corporation rather than the enforcement of a personal right. *Dotlich*, 475 N.E.2d at 339. Further, all relief obtained in a derivative action belongs to the corporation. *Id.* However, Richardson's lawsuit was filed not only as a derivative action, but it also was filed as a direct action.[4] The caption itself indicated that Richardson filed the complaint

---

**4.** We note in passing that in a closely-held corporation the trial court may exercise its discretion to treat an otherwise derivative claim as a direct action if it enters a finding that to do so will not "(i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons." *Barth v. Barth*, 659 N.E.2d 559, 562 (Ind.1995)

*quoting* A.L.I. *Principles of Corporate Governance* § 7.01(d). By treating a derivative claim as a direct action the trial court may order individual recovery. In this case the trial court entered no findings to indicate that it was treating Richardson's derivative claim as a direct action. However it was not necessary to do so in order to provide Richardson individual recovery because Richardson's claim was not solely derivative.

both "Individually and as a Shareholder of DRW Builders, Inc." *Record* at 3. Also, in various counts the complaint requested relief against the Witskens, in favor of DRW, and in favor of Richardson individually. Because Richardson also pursued a direct cause of action the trial court did not err in ordering DRW to reimburse Richardson the amounts he expended in paying corporate debts.

 However, the Witskens' complaint that the trial court erred in ordering them to pay Richardson's attorneys' fees is not without merit. First, to the extent that the attorney fee award represents reimbursement for time expended pursuing Richardson's direct action, it cannot stand. *See Barth*, 659 N.E.2d at 563 ("[I]n a direct action each side will normally be responsible for its own legal expenses"). Second, it is true that a shareholder has the right to recover attorneys' fees and expenses of litigation in a shareholder derivative action. *Scott v. Anderson Newspapers, Inc.*, 477 N.E.2d 553, 564 (Ind.Ct.App.1985), *trans. denied.* And the trial court is vested with broad discretion to enter an order awarding fees and expenses, which we will reverse only upon a showing of abuse. *Id.* Nonetheless, because the corporation is the beneficiary of the recovery of funds or of the corrective benefit of a derivative action, the corporation bears the expense of attorneys' fees in shareholder derivative suits. *Neese v. Richer*, 428 N.E.2d 36, 41 (Ind.Ct.App.1981), *reh'g denied*, quoting *Bosch v. Meeker Coop. Light & Power Ass'n*, 257 Minn. 362, 101 N.W.2d 423 (1960).

The facts in this case are similar to those in *Dotlich*, 475 N.E.2d 331. In that case the plaintiff prevailed in his shareholder derivative action. Among other things the trial court ordered the adverse parties to pay the plaintiff's attorneys' fees and costs. On appeal the adverse parties, who were directors of the subject corporation, challenged the award. Acknowledging that in Indiana one who successfully prosecutes a derivative action should be "reimbursed by the *corporation*" for attorneys' fees we concluded that there was "no basis in the law for the judgment against [the individual corporate directors] for attorney fees." *Id.* at 347 (em-

phasis added). We reach the same conclusion here. Although Richardson is entitled to reimbursement for attorneys' fees on his derivative claim, those fees must be assessed against DRW and not the Witskens. Therefore we reverse that portion of the trial court's judgment which entitles Richardson to recover attorneys' fees from the Witskens and remand to the trial court for an entry of judgment entitling Richardson to recover such fees from DRW. On remand, the trial court is also directed to compute that portion of attorneys' fees attributable only to Richardson's derivative claim and to amend the amount of the attorney fee award accordingly. In all other respects the judgment of the trial court is affirmed.

Judgment affirmed in part and reversed in part. Cause remanded for further proceedings consistent with this opinion.

BARTEAU and BAKER, JJ., concur.