Julius C. DIXON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 89A01–9807–CR–247.

Court of Appeals of Indiana.

July 14, 1999.

Ronald J. Moore, Boston Bever Klinge Cross & Chidester, Richmond, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Defendant-appellant Julius C. Dixon appeals his convictions for two counts of Dealing in Cocaine Within 1,000 Feet of School Property,[1] a Class A felony, claiming that the trial court improperly admitted evidence of uncharged criminal acts in violation of Ind. Evidence Rule 404(b) and that the evidence was insufficient to support the convictions. Specifically, Dixon claims that the admission

of the uncharged act of criminal misconduct was introduced only to show a predisposition to commit the charged offenses which unfairly prejudiced him, that the State failed to adequately notify him prior to trial that it intended to offer evidence regarding a previous sale of cocaine to a confidential informant, and that the State failed to present sufficient evidence that the drug transactions occurred within 1,000 feet of school grounds that contained a school building.

### FACTS[2]

The facts most favorable to the verdict reveal that on October 23, 1996, the Wayne County Drug Task Force (Task Force) received cooperation from confidential informant Karen Turner to assist them in a narcotics investigation. Turner permitted the Task Force to use electronic surveillance to tape the conversations she might have with anyone who dealt drugs from her home. Turner's residence was purportedly located near a middle school in the Richmond Community School District.

Sometime during October 23, Detective Michael Wamsley of the Task Force telephoned an electronic paging device known to be used by Tony Ferguson, a Richmond cocaine dealer, from Turner's home. A short time later, Dixon returned the page. During the telephone conversation, Turner informed Dixon that she desired to purchase some cocaine from him.

Dixon eventually went to Turner's home where he sold her a quantity of cocaine for twenty dollars. Following the sale, Detective Wamsley desired to videotape a subsequent transaction involving Dixon, so he placed another page to Dixon later that same day. While Dixon did not return the page, he went to Turner's residence where he sold her an additional "rock" of cocaine.

Thereafter, Dixon was arrested and charged with two counts of dealing in cocaine within 1,000 feet of a school and for being an habitual offender. At Dixon's jury trial which commenced on February 10, 1998, Turner testified that Dixon had sold her two

1. IND. CODE § 35–48–4–1(b)(3)(B)(I).

2. Oral argument was heard in this cause on April 1, 1999, at the Indiana University School of Law–Indianapolis.

rocks of cocaine on October 23, 1996. Turner also testified that Dixon had sold a quantity of cocaine to her approximately four months prior to that transaction. Dixon was ultimately found guilty as charged, and the jury determined him to be an habitual offender. Dixon now appeals.

## DISCUSSION AND DECISION

### I. Admissibility and Relevance Of 404(b) Evidence

█ At the outset, Dixon claims that the evidence regarding the prior drug transaction with Turner was inadmissible. Specifically, Dixon contends that such evidence was introduced for the sole purpose of demonstrating that he had the propensity to commit the offense. Therefore, he asserts that Turner's testimony should have been excluded. Appellant's Brief at 6.

To resolve this issue, we begin our discussion with the relevant provisions of Evid. R. 404(b) which are as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Notwithstanding Dixon's claim that Turner's testimony of the prior drug transaction should have been excluded, we initially observe that Dixon raised the defense of entrapment during trial which essentially challenged his intent to deal in cocaine. Specifically, he acknowledged during his opening statement that the case "was about entrapment." Record at 149, 152–54. Dixon also testified that he would not have sold cocaine to Turner had he not been paged. R. at 462–63, 466.

In *Dockery v. State*, 644 N.E.2d 573, 579 (Ind.1994), our supreme court noted that:

One of the exceptions to the general rule against the admissibility of character evidence, including evidence of prior bad acts, arose when a defendant specifically placed character in issue by raising the defense of

entrapment.... [Citation omitted]. [*Medvid v. State*, 172 Ind.App. 27, 30, 359 N.E.2d 274, 276 (1977)] ("To establish [that the government merely afforded the defendant an opportunity to satisfy his criminal intent] it is proper for the state to present evidence of prior crimes from which the jury might reasonably infer the accused's predisposition to commit the offense on trial.")....

*Id.* While the above rule was announced prior to our adoption of Fed.R.Evid. 404(b) in *Lannan v. State*, 600 N.E.2d 1334 (Ind.1992), this court has recently observed that a defendant who raised the defense of entrapment had affirmatively asserted a claim of contrary intent which triggered the exception to Evid. R. 404(b). *Stoker v. State*, 692 N.E.2d 1386, 1391 (Ind.Ct.App.1998). Specifically, we noted in *Stoker* that "[t]he intent exception in Evid. R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." *Id.* Thus, we determined that the trial court did not err in allowing testimony concerning the defendant's prior drug sales. *Id.* As in *Stoker*, Dixon challenged his intent to deal in cocaine when he raised the issue of entrapment at trial. Thus, Turner's testimony was admissible as an exception to Evid. R. 404(b) because it was relevant to proving Dixon's knowledge and intent to deal in cocaine. *See id.*

█ Dixon then goes one step further and urges that even if the evidence concerning the prior drug transaction with Turner was admissible pursuant to the Evid. R. 404(b) exception, it should be excluded under Ind. Evidence Rule 403[3] because it resulted in unfair prejudice to him. We disagree.

At trial, Turner testified that Dixon had sold her a quantity of cocaine on a prior occasion which occurred no more than four months before the October, 1996 sales. R. at 304. Moreover, the record reveals that the trial court gave extensive final instructions to the jury regarding the defense of entrapment, the State's burden of proof and the

**3.** Evid. R. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

jury's duty to judge the credibility of the witnesses. Under these circumstances, we cannot conclude that the trial court erred in determining that the probative value of this evidence was not substantially outweighed by the risk of unfair prejudice. *See Hicks v. State*, 690 N.E.2d 215, 223 (Ind.1997) (evidence of domestic violence was probative of hostility between the parties and was not outweighed by danger of unfair prejudice). Thus, the evidence regarding Dixon's prior transaction with Turner was admissible under the first prong of Evid. R. 404(b).

## II. The State's Burden To Provide Notice

Dixon next contends that notwithstanding the provisions set forth in the first prong of Evid. R. 404(b), Turner's testimony regarding the prior drug sale was improperly admitted because the State failed to provide him with notice of its intent to offer such evidence. Specifically, he claims that the State's failure to provide such notice, despite his specific discovery request for the information, renders it inadmissible.

When the criteria set forth in the first prong of Evid. R. 404(b) are satisfied, the remaining portion of the rule provides that evidence of other crimes, wrongs or acts may be admissible:

> provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In construing the notice provision of Evid. R. 404(b), Dixon points us to *Abdul–Musauwir v. State*, 674 N.E.2d 972 (Ind.Ct. App.1996), *trans. denied.* In that case, we observed that the purpose of the notice provision is to reduce surprise and promote the early resolution of questions of admissibility. *Id.* at 975. The notice provision is a prerequisite to the admissibility of the evidence of other wrongful acts. *Id.* The request by the defendant must be reasonably understandable and sufficiently clear to alert the prosecution that the defendant is requesting pre-trial

notification. *Id.* Failure to comply with the requirements of the rule results in the evidence being inadmissible. *Id.*

Additionally, in *Abdul–Musauwir*, we noted that the State failed to give the defendant any notice of its intent to use 404(b) evidence at trial, despite the defendant's specific discovery request for such information. *Id.* Notwithstanding the State's failure to comply with the request, however, we did not reach the merits of the defendant's argument, inasmuch as the defendant failed to object to the introduction of the evidence at trial. *Id.* As a result, we determined that the defendant had waived the issue on appeal. *Id.; see also Lee v. State*, 689 N.E.2d 435, 439 n. 1 (Ind.1997) (defendant waived lack of notice argument in accordance with Evid. R. 404(b) on appeal because he failed to object to the admission of such evidence at trial).

We observe that our federal courts have construed the notice provision of Fed.R.Evid. 404(b) on a number of occasions.[4] In *U.S. v. Barnes*, 49 F.3d 1144 (6th Cir.1995), which this court cited in *Abdul–Musauwir*, the court of appeals for the Sixth Circuit observed that the rule does not state at what point, in ordinary circumstances, notice must be given and a response filed. *Id.* at 1148. However, the court noted a prior decision which determined that a one-week notice to the defense did not amount to an abuse of the trial court's discretion. *Id.*, citing *U.S. v. French*, 974 F.2d 687, 694–95 (6th Cir.1992), *cert. denied* 506 U.S. 1066, 113 S.Ct. 1012, 122 L.Ed.2d 160 (1993). Additionally, in keeping with the notion that the rules of evidence should be construed to promote fairness and efficiency, the *Barnes* court determined that there is a continuing obligation to disclose "other crimes" evidence that the government discovers after it has initially either provided or denied its intent to use such information. *Id.* However, the court observed that the purported 404(b) evidence the government sought to introduce in *Barnes* was only "intrinsic," inasmuch as the testimony of a witness that the government sought to offer at trial only constituted a

---

4. The provisions of Fed.R.Evid. 404(b) are identical to those of Evid. R. 404(b) which were adopted by our supreme court in *Lannan*.

portion of a single criminal episode. Thus, the court held that the notice provision of Fed.R.Evid. 404(b) was not implicated and the government had no duty to disclose such evidence when it amounted only to part of a continuing pattern of illegal conduct. *Id.* at 1149.

Additionally, in *U.S. v. Long,* 814 F.Supp. 72 (D.Kan.1993), the defendant asserted that the government's response to his request under Fed.R.Evid. 404(b) was inadequate because it was "overbroad and unduly general." *Id.* at 73. Specifically, the response indicated that a witness would testify "consistent with his prior statement, a copy of which has been previously provided to [defense counsel]." *Id.* In determining that the government's notice did not comply with the notice prerequisite to the admissibility of rule 404(b) evidence, the court in *Long* observed that the response failed to provide the defendant with information concerning the general nature of the evidence that the government intended to introduce at trial. *Id.* Specifically, the court observed that the notice simply forewarned "the defendant that the government intend[ed] to introduce evidence of other crimes, wrongs, or acts." *Id.* While the court declined to rule the evidence inadmissible in light of the government's failure to comply with the required notice provision, it ordered the government to amend its notice and provide the defendant with sufficient information so as to enable him to file a motion in limine to contest the admissibility of the evidence if he chose to do so. Further, in providing some guidelines with respect to the content of such an amended notice, the *Long* court noted that the government was not required to provide precise details regarding the date, time and place of the prior acts it intended to introduce, or the source of the evidence. Rather, the court determined that the government was obligated to "characterize the conduct to a sufficient degree to apprise the defendant of its general nature." *Id.* at 74.

As set forth in *Long* and *Barnes,* we agree with the proposition that when a response is required under Evid. R. 404(b), the State remains under a continuing duty to disclose evidence of other crimes or "bad acts" to defense counsel when a proper request has been made under Evid. R. 404(b). However, the State should not be required to divulge the precise details surrounding the prior acts that it intends to offer. Instead, as was decided in *Long,* the response must be sufficient to the extent that it will apprise the defendant of the general nature of the conduct that it seeks to introduce at trial. Moreover, we recognize no "hard and fast" rule governing the time period in which the State should respond to an appropriate request under 404(b). Rather, the circumstances of the particular case should govern whether the advance notice provided by the State to defense counsel is reasonable.[5]

We also note that in circumstances where a defendant has advanced entrapment as a defense to the criminal charge, at least one federal court of appeals has determined that the government's duty to respond to the request for evidence under Fed.R.Evid. 404(b) is not implicated. *See U.S. v. Roper,* 135 F.3d 430, 433 (6th Cir.1998), *cert. denied* —— U.S. ——, 118 S.Ct. 2306, 141 L.Ed.2d 165 (1998). In *Roper,* the defendant was charged with several counts of distributing cocaine. At trial, the government's evidence during its case-in-chief consisted of a series of telephone conversations between the defendant and a confidential informant that resulted in three controlled purchases of the drug. *Id.* at 431. Thereafter, Roper, through his own testimony, advanced entrapment as his defense to the charges. *Id.* He also maintained during the course of direct examination that he had never before been involved in dealing drugs. *Id.* at 432.

On cross examination, the prosecutor elicited an admission from Roper that he had previously been convicted for possession of

---

5. In a related area, we note that IND. CODE § 35–37–4–14 provides that if the State intends to offer evidence of a previous battery in a criminal prosecution for certain offenses enumerated in the statute, it must file a written motion not less than ten days before trial stating, *inter alia,* that it has an offer of proof regarding that evidence and the relevancy of the evidence. Notwithstanding such a requirement, however, this court has held that to the extent that a statute conflicts with the rules of trial procedure, the rules of procedure prevail. *DRW Builders, Inc. v. Richardson,* 679 N.E.2d 902, 906 n. 2 (Ind.Ct. App.1997).

marijuana. *Id.* During its rebuttal evidence, the government also introduced extrinsic, substantive proof directly contradicting Roper's contentions that he had not sold drugs previously. *Id.* In response, Roper moved for a mistrial and claimed prosecutorial misconduct because the government had failed to place him on notice of its intent to present evidence of his "other crimes, wrongs or acts" under Fed.R.Evid. 404(b), despite his pre-trial request for such notification. The trial court denied Roper's request for a mistrial and the court of appeals affirmed the convictions, observing as follows:

> Once [Roper] ... placed his character into issue by his direct testimony in support of his entrapment defense and by affirmatively stating that he had not at any time previously engaged in similar drug or drug-related transactions, Roper 'opened the door' for the government to discredit his character during its cross-examination, as the government effectively accomplished, and by introducing extrinsic, substantive, rebuttal evidence of his criminal history of previous cocaine base sales without resorting to or relying upon Rule 404(b) and the limitations of its notice requirement.

*Id.* at 433. The *Roper* court further noted that inasmuch as the government did not rely upon any evidence of prior bad acts or criminal misconduct in accordance with Fed. Evid. R. 404(b) to prove its case-in-chief, there was no requirement to respond to his request for that evidence under the notice provision of the rule. *Id.* at 434. Finally, the court pointed to the interrelationship between Fed. R.Evid. 404(a) and 404(b). Specifically, it noted that the express provisions of Fed. R.Evid. 404(a) allow for the admissibility of "[e]vidence of a person's character or a trait of character ... for the purpose of proving action in conformity therewith on a particular occasion" when a criminal defendant's character has been properly joined as an issue. *Id.* at 433. In light of this provision, the court concluded that the government could introduce proof of Roper's prior offenses without resort to the notice provision of Fed. Evid. R. 404(b) because he made his own

character an essential issue at trial by raising the defense of entrapment. *See id.* at 434.

■ Turning to the circumstances presented in this case, the record reveals that Dixon's notice of discovery filed with the trial court on January 30, 1997, requested the State to provide "any evidence which would fall under Rule 404(b)." R. at 17. Thereafter, on February 7, 1997, the State responded to the discovery request indicating that it would utilize the testimony of "[c]onfidential Informant 900...." R. at 19.[6] Dixon later learned Turner's identity and interviewed her prior to trial. R. at 292. During that interview, Turner stated that Dixon had sold cocaine to her on a prior occasion. R. at 292, 295. At trial, over Dixon's objection, Turner testified that Dixon had previously sold cocaine to her approximately four months before the charged offenses. R. at 285, 303–05.

Under these circumstances, it may appear at first blush that the State's response to Dixon's request under Evid. R. 404(b) did not adequately comply with the notice provision. However, we note that there is no inference from the record that the State intended to introduce the evidence of Dixon's prior drug transaction with Turner until the defense of entrapment was raised during opening argument. At that point, Dixon opened the door and placed his character in issue. Moreover, we note that the State's response only indicated that it intended to introduce the testimony of a confidential informant and did not suggest that any evidence of Dixon's prior criminal acts would be offered during its case-in-chief.

■ While we hold today that a continuing duty rests with the State to disclose 404(b) evidence when a proper request is made by the defense, we note that there is no requirement that the State must anticipate a need to disclose such evidence. Here, it became evident to both the State and to defense counsel as a result of the interview with Turner that the substance of her testimony would include statements regarding the prior drug transaction with Dixon. Thus, under these circumstances, any revela-

---

6. The State's response also indicated that the prosecutor would reveal the confidential informant's identity to defense counsel "as soon as is practicable" to make that individual available for deposition. R. at 19.

tion by the State regarding the substance of Turner's purported testimony under the 404(b) notice provision would simply be redundant. Moreover, it was Dixon who. attempted to "prove his good name" and made his own character an essential issue at trial when he asserted the defense of entrapment. Thus, Dixon may not successfully claim that he was unfairly surprised at trial when Turner's testimony was offered. Dixon has failed to show any prejudice in light of the State's purported failure to give notice of its intent to introduce evidence under Evid. R. 404(b). As a result, the trial court did not err in admitting Turner's testimony regarding the prior drug transaction with Dixon.

### III. Sufficiency Of the Evidence

■ Dixon next contends that the evidence was insufficient to support the convictions. Specifically, he maintains that the State failed to demonstrate that the drug transactions occurred within 1,000 feet of a school.[7]

We initially note our standard of review. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Timberlake v. State*, 690 N.E.2d 243, 251 (Ind.1997). Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. *Whitt v. State*, 659 N.E.2d 512, 513 (Ind.1995). The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Timberlake*, 690 N.E.2d at 251. Circumstantial evidence alone may support a conviction. *Saylor v. State*, 686 N.E.2d 80, 84 (Ind.1997).

Our legislature has defined "school property" in IND. CODE § 35–41–1–24.7 "as a building or other structure owned or rented by: (A) a school corporation. . . ." In proving that Dixon's transaction with Turner occurred within 1,000 feet of a school, the State elicited testimony from an associate superintendent for the Richmond Community Schools. He testified that the property was owned by the school corporation, and that the school district had constructed a middle school on the land "around 1997." R. at 423.

The State also presented testimony from a county surveyor who acknowledged that the middle school was located approximately 650 feet from where Dixon's transaction with Turner occurred. R. at 428. The surveyor based his measurements upon the use of a current tax map of the area which was overlaid on an aerial photograph that was taken in 1969. R. at 427. That aerial photograph showed a structure on the property. R. at 429. Additionally, Dixon admitted at trial that he was "right down the street from a school" when he sold the cocaine to Turner and knew that children attended the school. R. at 504.

In light of the evidence presented at trial that was most favorable to the verdict, the jury could draw a reasonable inference that Dixon's sale of the cocaine to Turner occurred within 1,000 feet of a school building. As a result, the evidence was sufficient to support the conviction.

Judgment affirmed. .

BROOK, J., concurs.

RUCKER, J., concurs in result with opinion.

### RUCKER, Judge, concurring in result

I concur in the result the majority reaches on the admissibility and relevance of 404(b) evidence. However, I cannot agree with the majority's view that because Dixon demonstrated a particularized contrary intent, the evidence of his uncharged criminal acts were thus admissible as an exception under the first prong of Ind. Evidence Rule 404(b). In *Abdul–Musawwir v. State*, 674 N.E.2d 972, 975 (Ind.Ct.App.1996), *trans. denied*, we declared "[t]he notice provision is a prerequisite to the admissibility of the evidence of other wrongful acts. Failure to comply with the requirements of the rule results in the evidence being inadmissible." *Id.* at 975 (citing *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir.1995)) (noting a commentary which suggested "because the notice requirement serves as a condition precedent to admissibility of 404(b) evidence, the offered evi-

---

**7.** We note that Dixon's only challenge on appeal regarding sufficiency of the evidence is that the State failed to present any evidence establishing that the school property contained any buildings when the transaction occurred on October 23, 1996. Appellant's Brief at 13–15.

dence is inadmissible if the court decides that the notice requirement has not been met."). Thus, as *Abdul–Musawwir* and *Barnes* make clear, only after the issue of notice is resolved do we ever reach the question of whether the evidence is admissible. In essence, evidence of prior bad acts may be admissible for a number of reasons, including to prove intent. However, we cannot reach the question of admissibility unless and until we resolve whether the defendant was given notice in the first instance. If he was not, then the evidence of prior bad acts is simply not admissible. Essentially, the intent exception is not triggered. The majority's position to the contrary is inconsistent with controlling authority. Nonetheless, because in this case the State satisfied the notice requirement, the evidence of Dixon's prior criminal acts was thus admissible. Therefore I concur in result on this issue. On all other issues I fully concur.