Sanford D. HALEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A03–0002–CR–00051.

Court of Appeals of Indiana.

Oct. 17, 2000.

Jeffrey W. Wible, LaGrange, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1.  IND.CODE § 35–48–4–2.

2.  Haley's conviction was elevated to a Class A felony because the offense occurred within

## OPINION

VAIDIK, Judge

### Case Summary

Appellant, Sanford D. Haley, appeals his conviction for Dealing in a Schedule II Controlled Substance,[1] a Class A felony.[2] Haley contends that the trial court erred in taking judicial notice that Howe Military Institution is a school and hence, the State failed to provide sufficient evidence that Haley dealt drugs within 1,000 feet of school property. Haley maintains that the court's taking of judicial notice denied him his right to meet witnesses face to face as required by Article 1, Section 13 of the Indiana Constitution. Because the trial court properly took judicial notice that Howe Military Institution is a school, we affirm.

### Facts and Procedural History

On December 31, 1995, Detective Mark Farren of the Kendallville Police Department, who was at the time an investigator with the Indiana Multi–Agency Group Enforcement (IMAGE) Drug Task Force, was gathering information undercover at the Red Owl Tavern in Howe, Indiana. The tavern was located near Howe Military Institution (Howe). Detective Farren asked the bartender at the tavern if "there [were] any drugs going around." Record at 419. The bartender introduced Detective Farren to Haley. Later, Detective Farren asked Haley about buying some of the drugs. The two then negotiated an amount and a price for the substance, and Detective Farren followed Haley into the men's restroom. Haley then placed two triangular plastic bags purportedly filled with methamphetamine on the toilet seat, and Detective Farren paid Haley $100.00. Laboratory testing revealed that the substance inside the plastic bags was in fact methamphetamine.

1,000 feet of school property. *See* IND.CODE § 35–48–4–2(b)(2)(B)(i).

Haley was charged with dealing in methamphetamine within 1,000 feet of school property. During the jury trial, the court took judicial notice that Howe is a school. The court instructed the jury that it had taken judicial notice that Howe is a school, but the jury was not required to accept that fact as conclusive. The jury convicted Haley for Dealing in a Schedule II Controlled Substance, a Class A felony, and Haley was sentenced to thirty years imprisonment, with five years suspended.

## Decision and Discussion

Haley asserts on appeal that the court denied his constitutional right to confront witnesses when it instructed the jury that it had taken judicial notice that Howe is a school. Further, Haley argues that absent the judicial notice, there was insufficient evidence to prove that Howe is a school for purposes of Indiana Code § 35–41–1–24.7. We address both arguments in turn.

### I. Judicial Notice and the Right to Confrontation

■ Haley argues that the trial court denied his right to confrontation when it took judicial notice that Howe is a school. During Haley's trial, the State was required to prove that he "knowingly or intentionally . . . deliver[ed] . . . a controlled substance . . . within one thousand (1,000) feet of . . . school property." IND. CODE § 35–48–4–2. School property is defined as . . . [a] building or other structure owned or rented by: . . . [a] school corporation . . . [or][a] private school (as defined in IC 20–9.1–1–3). . . . IND.CODE § 35–41–1–24.7. A private school is defined as "any school which is not supported or maintained by funds realized from the imposition of a tax on property, income, or sales." IND.CODE § 20–9.1–1–3.

At the close of the evidence, the trial court instructed the jury that it had taken judicial notice that Howe is a school within the meaning of the law, but the jury was not required to accept the fact as conclusive. Haley argues that the court's instruction was error because it denied him

his state constitutional right to confront witnesses.

■ Initially, we note that Haley did not object to the judicially noticed facts based on his state constitutional right to confrontation. He objected only on the grounds of hearsay. Record at 645. A defendant may not argue one ground for an objection at trial and then raise a new ground on appeal. *Gill v. State,* 730 N.E.2d 709, 711 (Ind.2000);. *Simmons v. State,* 714 N.E.2d 153, 155 (Ind.1999). Thus, Haley has waived the issue for review.

■ Waiver notwithstanding, Haley's right to confrontation was not violated when the trial court took judicial notice that Howe is a school. Article 1, Section 13 of the Indiana Constitution reads in pertinent part that "[i]n all criminal prosecutions, the accused shall have the right to . . . meet witnesses face to face." But, the state constitutional right of confrontation is "not absolute." *Brady v. State,* 575 N.E.2d 981, 987 (Ind.1991). Certain firmly established evidence rules are not consistent with the constitutional right to meet witnesses face to face. For example, our Supreme Court in *Brady* acknowledged that exceptions to the hearsay rule, the admission of reputation evidence, and the official records exception all are inconsistent with the right to confrontation. *Id.* Nevertheless, evidence of this sort may be admissible despite its inconsonance with the right of confrontation. For instance, to overcome the right to confrontation in admitting a hearsay statement, the State must prove that the statement bears adequate indicia of reliability. *Holmes v. State,* 671 N.E.2d 841, 859 (Ind.1996), *reh'g denied, cert. denied* (1997) 522 U.S. 849, 118 S.Ct. 137, 139 L.Ed.2d 85.

■ We find that although judicially noticed facts are contradictory to the right of confrontation, they are admissible so long as the requirements of Indiana Rule of Evidence 201 are met. By satisfying the requirements of this evidence rule, the re-

liability of the judicially noticed facts is safeguarded, and thus, their admission does not violate the constitutional right of confrontation.

■ In this case, Haley does not argue that the requirements of Rule 201 were not met. Indeed they were. Indiana Evidence Rule 201(a) provides "[a] judicially-noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." When a court takes judicial notice, "[a] party is entitled, upon timely request, to an opportunity to be heard as to the propriety of taking judicial notice ..." Ind. Evidence Rule 201(e). Further, when a court takes judicial notice in a criminal case, "the court shall instruct the jury it may, but is not required to, accept as conclusive any fact judicially noticed." Ind. Evidence Rule 201(g).

Here, the fact that Howe is a private school is generally known within LaGrange County. Before taking judicial notice of this fact, the court held a hearing to provide Haley with an opportunity to be heard on the matter. Haley could have offered evidence at the hearing or at the trial to contest that Howe is a school within the meaning of the law. Finally, the court advised the jury, "[y]ou may, but are not required to, accept this fact as conclusive." Record at 681. Since the evidence was admissible under Indiana Evidence Rule 201, it was sufficiently reliable and therefore, Haley's constitutional right of confrontation was not violated.[3]

## II. Sufficiency of the Evidence

■ Haley contends that the State did not provide sufficient evidence to support his conviction. Specifically, he claims the State did not prove that Haley sold drugs within 1,000 feet of a school. Having found that the court properly took judicial notice that Howe is a school, we find the evidence is sufficient to support the conviction.

Nevertheless, Haley relies upon *Dixon v. State*, 712 N.E.2d 1086, 1093 (Ind.Ct. App.1999), to assert that the State failed to prove that Howe is a school because no one testified that Howe is owned by a school corporation or is a private school. In *Dixon*, the defendant challenged the sufficiency of the evidence supporting his dealing conviction because the State did not prove that the drug transactions occurred within 1,000 feet of a school. A panel from this court held that testimony from an associate superintendent and a land surveyor was sufficient to establish that the transactions occurred near school property. *Id.* The associate superintendent testified that the property was owned by the school corporation and that a middle school had been constructed on that property. The court concluded that the jury could have reasonably inferred that the sale of drugs occurred within 1,000 feet of a school building. *Id.*

Haley maintains, therefore, that because the State did not have someone from Howe testify that it was a school under the statutory definition, his conviction may not stand. We disagree. *Dixon* did not hold that a school official must verify that the property in question is school property to sustain a conviction. The court in that case merely reviewed the evidence before it and concluded that a jury could have inferred that the transaction occurred near a school.

Because the court properly took judicial notice of the fact that Howe is a school, the jury was entitled to accept that fact as

**3.** Haley alleges that the Due Process Clause of the Fourteenth Amendment was violated when the trial court took judicial notice that Howe was a school. Appellant's Brief at 8. However, Haley does not elaborate on his argument, merely devoting a clause of one sentence to the claim. He also fails to cite any authority for this claim. Thus, Haley has failed to meet the requirements of Indiana Appellate Rule 8.3(A)(7).

true. Consequently, the evidence was sufficient for conviction.

Judgment affirmed.

SHARPNACK, C.J., and BAKER, J., concur.